IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | | |
|---|---|---|
| **ERNEST ZARATE AND** § | | |
| **SANDRA ARRAMBIDE** § | | **CIVIL ACTION NO. _____** |
| § | | |
| **VS.** § | | |
| § | | |
| **SPECIALTY INSURANCE SERVICES** § | | |
| **CORPORATION, OCEAN HARBOR** § | | |
| **CASUALTY INSURANCE COMPANY,** § | | **JURY DEMANDED** |
| **CHRISTY MILAM, AND ROBERT R.** § | | |
| **GRACIA, JR.** § | | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, OCEAN HARBOR CASUALTY INSURANCE COMPANY ("Ocean Harbor"), a Defendant herein, removes to this Court the state court action pending in the 267th Judicial District Court of Refugio County, Texas invoking this Court's diversity jurisdiction, on the grounds explained below.

### I.  BASIS FOR REMOVAL

1. On October 25, 2019, Plaintiffs, Ernest Zarate and Sandra Arrambide ( "Plaintiffs"), filed suit in Refugio County against the Defendants. The suit was assigned to the 267th Judicial District Court of Refugio County, Texas, styled Cause No. 2019-10-13018; *Ernest Zarate and Sandra Arrambide v. Specialty Insurance Services Corporation, Ocean Harbor Casualty Insurance Company, Christy Milam, and Robert R. Gracia, Jr.* (the "State Court Action"). (*See* Plaintiffs' Original Petition, incorporated herein under **Exhibit B**.) Defendant Specialty Insurance Services Corporation ("SIS") was served/received notice of this lawsuit on November 6, 2019. Defendant

Ocean Harbor was served/received notice of this lawsuit on November 15, 2019. To the best of this Defendant's knowledge and belief, Defendants Christy Milam ("Milam") and Robert R. Gracia, Jr., ("Gracia") have not been formally served/received notice of this lawsuit at this time.

2. On December 9, 2019, Ocean Harbor elected to accept legal responsibility for all three co-Defendants pursuant to Texas Insurance Code §542A.006. Section 542A.006 provides that once such an election is made, "the court shall dismiss the action against the agent with prejudice."[1] Thus, Ocean Harbor's elections mandate the dismissal of the elected-for Defendants: SIS, Milam and Gracia.[2] As of the date of the filing of this Notice of Removal, the state court has not signed the Order dismissing the Defendants with prejudice. (*See* Defendant Ocean Harbor's Elections of Legal Responsibility Pursuant to Section 542A.006 of the Texas Insurance Code and the proposed Order of Dismissal of Defendants Specialty Insurance Services Corporation, Christy Milam, and Robert R. Gracia, Jr., attached hereto under **Exhibit B**.) As required by 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal is timely filed by Ocean Harbor within thirty (30) days following its receipt of the initial pleadings,

3. Defendant understands that SIS consents to the removal, as required by § 1446(b)(2)(A).

4. Removal of this action is proper because this Court has original diversity jurisdiction under 28 U.S.C. § 1332 and the action is one that may be removed by Ocean Harbor pursuant to 28 U.S.C. § 1441(b); specifically, this is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and the proper parties are diverse.

---

[1] *See* §542A.006(c).
[2] *Id*.

4831-7932-9966.1

A.     **THE PARTIES ARE OF DIVERSE CITIZENSHIP**

5.     Upon information and belief, and based on the allegations set forth in Plaintiffs' Original Petition, Plaintiffs are citizens of Texas, and reside in and own residential property in Refugio County, Texas.[3]

6.     Defendants Ocean Harbor, SIS and Milam are not citizens of Texas. Ocean Harbor is a foreign organization incorporated pursuant to the laws of the State of Florida and has its principle place of business in Florida. SIS is a foreign organization incorporated pursuant to the laws of the State of Ohio and has its principle place of business in Ohio. Milam is a citizen of the State of Georgia.[4] Accordingly, Defendants Ocean Harbor, SIS and Milam are of diverse citizenship to Plaintiffs.[5]

7.     Defendant Gracia *is* a citizen of the State of Texas. However, with respect to the claims against Gracia, Defendant Ocean Harbor filed its Election of Legal Responsibility under § 542A.006 of the Texas Insurance Code on December 9, 2019.  Pursuant to §542A.006(c), no cause of action exists against Gracia, and he must be dismissed with prejudice. Thus, Gracia was improperly joined because Plaintiff does not have a reasonable possibility of recovery from Gracia in this lawsuit due to Ocean Harbor's statutory election to accept his potential liability. Ocean Harbor further asserts that Gracia was improperly joined because Plaintiffs' Petition does state a valid state-

---

[3] *See* **Exhibit B**, Plaintiffs' Original Petition, ¶ 2.
[4] *Id*. at ¶ 5.
[5] As set out in paragraph 2 herein, Ocean Harbor's 542A elections filed on behalf of SIS, Milam and Gracia effectively mandates their dismissal from this suit with prejudice. Thus, SIS, Milam and Gracia are no longer parties to this suit – which will be made final once this Court executes the Order of Dismissal with regard to these Defendants. However, some courts in this Circuit have held that an insurer's post-suit 542A election for non-diverse a defendant-agent does not render that agent retroactively improperly joined for purposes of diversity jurisdiction; instead concluding that an allegation of improper joinder is analyzed based on whether the agent was properly joined at the moment of joinder, i.e. when the suit was filed. *See River of Life Assembly of God v. Church Mutual Insurance Company*, No. 1:19-cv-49-RP, 2019 WL 1767339, at *3 (W.D. Tex. April 22, 2019) . Thus, Defendant Ocean Harbor does not assume that Defendant Gracia's citizenship should be disregarded simply because Ocean Harbor's election for him mandates his dismissal from this suit.

law cause of action against Gracia. Therefore, as explained below, the Court should disregard Gracia's citizenship for the purposes of affirming diversity jurisdiction because Plaintiffs joined Gracia as a sham, solely to defeat diversity jurisdiction.

### i. *Fraudulent Joinder Standard*

8. Pursuant to 28 U.S.C. § 1441(b), an action shall be "removable…if none of the parties in interest *properly* joined and served as defendants is a citizen of the state in which such action is brought."[6] A non-diverse defendant named in the state court action may be disregarded when the party was joined fraudulently to defeat diversity jurisdiction.[7] In any case involving an improperly or fraudulently joined party, written consent for that party is not required.[8]

9. The standard for evaluating a claim of improper joinder against a defendant is similar to, but broader than, that used in evaluating a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6).[9] "The scope of the inquiry for improper joinder … is broader than that for Rule 12(b)(6), because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim."[10] "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[11]

---

[6] 28 U.S.C. § 1441(b) (emphasis added).
[7] *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995); *Griggs v. State Farm Lloyds*, 181 F.3d 694 (1999).
[8] *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); 28 U.S.C. § 1446(b)(2)(A).
[9] *See Mumfrey v. CVS Pharmacy*, *Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (quoting *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004)); *Campbell v. Stone Ins.*, *Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); see also *Johnson v. Zurich Am. Ins. Co.*, 2011 WL 3111919 (N.D. Texas, 2011).
[10] *Campbell*, 509 F.3d at 665.
[11] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc).

10. In conducting this inquiry, the court must determine whether "there is arguably a reasonable basis for predicting that state law might impose liability.[12] "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one."[13] The petition as filed in state court controls the inquiry, thus any post-removal filing may not be considered when or to the extent such filing presents new causes of action or theories.[14] To survive such a challenge, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a plausible claim for relief.[16]

11. To establish that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[17] The test for improper or fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the non-diverse defendant.[18]

12. A removing party alleging jurisdiction on the basis of fraudulent joinder must prove the existence of fraud.[19] To prove fraud, Ocean Harbor "must show either that (1) there is no possibility that Plaintiffs will be able to establish a cause of action against Gracia in state court; or that (2) there has been outright fraud in Plaintiffs' pleadings of jurisdictional facts."[20] In

---

[12] *Campbell*, at 669 (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)).
[13] *Id.* (emphasis in original).
[14] *See Cavallini*, 44 F.3d at 264; *Griggs*, 181 F.3d. at 699.
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[16] *Id.* (citing *Bell Atl. Corp.* 550 at 555).
[17] *Smallwood*, 385 F.3d at 573.
[18] *Id.*
[19] *Jernigan* 989 F.2d at 815.
[20] *Id.*

determining whether a party was fraudulently joined, courts must "resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in the non-movant's favor."[21] "A court should not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts to support his claims against the non-diverse defendant."[22] While the burden of establishing fraudulent joinder is heavy, the Fifth Circuit has never held that a "particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist."[23]

13.     Ocean Harbor does not claim fraud in the recitation of jurisdictional facts, as it does not dispute that Gracia and Plaintiffs are Texas residents. Rather, Plaintiffs have no possibility of recovery against Gracia because Ocean Harbor elected to accept legal responsibility on his behalf, and because Plaintiffs have not alleged a valid state-law cause of action against Gracia.[24]

### ii.     *Ocean Harbor's 542A Election Abrogates All Potential Recovery Against Gracia*

14.     Ocean Harbor's Election to Accept Legal Responsibility for Gracia pursuant to Texas Insurance Code Section 542A.006 makes any recovery against Gracia impossible in this lawsuit.[25] Accordingly, his citizenship should not be considered when analyzing this matter for complete diversity because Ocean Harbor elected to accept all liability on behalf of Gracia pursuant to Texas Insurance Code § 542A.006.[26]

---

[21] *Griggs*, 181 F.3d at 699.
[22] *Walden v. American General Life*, 244 F.Supp.2d 689, 692 (S.D. Miss. 2003).
[23] *Griggs*, 181 F.3d at 701.
[24] *Id*. at 699.
[25] *See Bexar Diversified MF-1, LLC v. General Star Indemnity Company*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *4 (W.D. Tex. Nov. 18, 2019) (disagreeing with cases that analyze improper joinder at moment of joinder, rather than at time of removal, and finding that an insurer's post-suit, pre-removal election for non-diverse agent renders that agent improperly joined).

15. In *Flores v. Allstate Vehicle and Prop. Ins. Co.* and *Horton v. Allstate Vehicle & Property Insurance Company*, and even more recently in *Bexar Diversified MF-1, LLC v. General Star Indemnity Company,* the courts held that post-suit acceptance of agent liability pursuant to Texas Insurance Code 542A.006 guarantees that the plaintiff may not recover against the agent and thus the concerns of the voluntary/involuntary rule are not raised.[27] Thus, the continued inclusion of an adjuster in a lawsuit where an insurer has accepted liability of that adjuster pursuant to Texas Insurance Code 542A.006 is "tantamount to a finding of improper joinder."[28] The court in *Flores* then concluded that because the inclusion of an agent whose liability had been accepted by an insurer was "tantamount to a finding of improper joinder," such an agent's citizenship should not be considered when determining whether there was complete diversity amongst the parties for the purposes of 28 U.S.C. § 1332(a).[29] Because Ocean Harbor has accepted any and all liability of Gracia in regards to the claim that is the subject of this litigation, Gracia's citizenship should be disregarded in analyzing whether complete diversity amongst the parties exists in this matter.[30]

### iii. *The Factual Allegations in Plaintiffs' Original Petition Provide No Reasonable Basis to Predict Plaintiffs Could Recover Against Gracia*

16. Even if Ocean Harbor had not filed the statutory election discussed above, Gracia would still be considered an improperly joined party because Plaintiffs' Original Petition fails to

---

[26] *See generally Flores v. Allstate Vehicle & Prop. Ins. Co.*, 2018 WL 5695553 (W.D. Tex. Oct. 31, 2018); *Horton v. Allstate Vehicle and Property Insurance Company*, No. 5:19-cv-00140-FB-RBF, 2019 WL 155494 (W.D. Tex. April 9, 2019); *Bexar Diversified MF-1*, 2019 WL 6131455.
[27] *Flores*, 2018 WL 5695553 at *6-7; *Horton*, 2019 WL 155494 at *1, FN 1 ("Because Allstate has elected to assume responsibility for [agent], the Court need not consider his citizenship.") (internal citations omitted).
[28] *Flores*, 2018 WL 5695553 at *8; *see also Bexar Diversified MF-1*, 2019 WL 6131455, at *4-5.
[29] *Id*.
[30] *Bexar Diversified MF-1*, 2019 WL 6131455, at *4 ("Accordingly, where a diverse insurer elects to accept liability for a non-diverse defendant under Section 542A.006, and that election establishes the impossibility of recovery against the non-diverse defendant in state court <u>at the time of removal</u>, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes.") (emphasis in original).

articulate how the conduct of Gracia constitutes a plausible cause of action against him.[31] Plaintiffs' decision to sue Gracia in this matter is an abusive tactic aimed solely at manipulating the forum and depriving Ocean Harbor of its Constitutionally-created right to have this dispute adjudicated in federal court. The assertions in the Petition, at most, establish that Gracia inspected the Plaintiffs' property at Ocean Harbor's direction and that he provided an estimate of the damages he observed to Ocean Harbor.[32] Plaintiffs' alleged disagreement with the amount of Gracia's estimate does not give rise to a viable claim against Gracia under the Insurance Code or any other statute, and Plaintiffs have not plead facts that could demonstrate any reasonable basis for recovery against Gracia.[33] Accordingly, Gracia has been improperly joined and the Court should disregard his Texas citizenship, maintain jurisdiction over this matter, and dismiss Gracia from the suit.

17.     Plaintiffs' generic allegations about the undifferentiated conduct of "Defendants" fail to provide any facts capable of stating a plausible claim against Gracia under Federal pleading standards.[34] Federal courts in Texas have held insurance adjusters were fraudulently joined where plaintiffs alleged only that "the defendants" committed misrepresentations, violations of the DTPA, violations of the Texas Insurance Code, and other common law violations, but failed to attribute any specific actionable conduct to the non-diverse adjusters individually.[35]

---

[31] *See McClelland v. Chubb Lloyd's Ins. Co. of Tex., et al.*, No. 5:16-cv-00108, 2016 WL 5791206, at *3 (W.D. Tex. Sep. 30, 3016) ("Plaintiff has failed to allege, however, that defendant Pritchard had authority to settle plaintiffs' claim, and therefore cannot establish this cause of action against defendant Pritchard").
[32] Petition, at ¶¶ 17-20.
[33] *See* Petition generally.
[34] *See* Plaintiffs' Original Petition.
[35] *See, i.e., Moore v. Travelers Indem. Co.*, 3:10-CV-1695-D, 2010 WL 5071036 (N.D. Tex. Dec. 7, 2010); *Hansen v. State Farm Lloyds*, H-01-1457, 2001 WL 34109375 (S.D. Tex. June 29, 2001); *TAJ Properties, LLC v. GAB Robins N. Am., Inc.*, H-10-4134, 2011 WL 2162321 (S.D. Tex. June 2, 2011); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, H-09-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009); *Lakewood Baptist Church v. Church Mut. Ins. Co.*, No. 3:12-cv-5111-M, 2013 WL 3487588 (N.D. Tex. July 11, 2013).

18. "[M]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirements to state specific actionable conduct against the non-diverse defendant."[36] Accordingly, the Court should give no effect to Plaintiffs' generic global allegations directed collectively toward both adjusters or all Defendants[37], and should conclude that such allegations fail to state an actionable claim with respect to Gracia and do not support his joinder as a defendant in this case.

19. The assertions in Plaintiffs' Original Petition which *do* specifically refer to Gracia, relate to Plaintiffs' disagreement with the amount and scope of Gracia' repair estimate.[38] Plaintiffs' lodge generic allegations that Gracia "failed to perform a reasonable or adequate inspection or investigation of Plaintiffs' claim," and that neither Gracia or Milam "adjusted for, nor seemed to even grasp, the full scope of Plaintiffs' roof damage and neglected to address, or even note, the covered damage to every single room throughout the interior of the home," and that all Defendants "set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiffs' Claim for covered damages."[39] Such claims are too conclusory and lack sufficient factual specificity to demonstrate any plausible right to relief.[40] Conclusory or generic allegations of wrongdoing against the non-diverse defendant are not sufficient to show that that plaintiff possesses a valid cause of action against the defendant and that he was not fraudulently joined.[41]

---

[36] *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-cv-524-A, 2014 WL 11474841, at *5 (N.D. Tex. Sep. 25, 2014) (citing *Studer v. State Farm Lloyds*, No. 4:13-cv-413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014).

[37] The Petition includes several allegations directed towards "the defendant adjusters," presumably meaning both Milam (diverse) and Gracia (non-diverse), as well as towards "Defendants," which could mean all or some of the Defendants named in the suit (SIS, Ocean Harbor, Milam, and Gracia).

[38] *See* Plaintiffs' Petition, at ¶¶ 17-21; ¶¶ 44-50.

[39] *Id*. at ¶¶ 18, 19 and 21.

[40] *Id*. at ¶¶ 15-19, 31-37.

[41] *See Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000) (remanded on different grounds by 236 F.3d 282 (5th Cir. 2000)); *Peters v. Metropolitan Life Ins. Co.*, 164 F. Supp. 2d 830, 834 (S.D. Miss. (footnote continued)

20. Like the allegations against Gracia set forth in Plaintiffs' Original Petition, the only specific allegations against adjuster-defendant Gallegos in *Plascencia* were as follows:

> Defendant Gallegos improperly adjusted the Plaintiff's claim. Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages. His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm. Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property.[42]

The court in *Plascencia* found these allegations to be merely conclusory and lacked the factual specificity "that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of Gallegos's conduct."[43] In reaching this conclusion, the court noted that it was the defendant-insurer, rather than adjuster, "that would have made the decision as to whether to pay, and what to pay, the plaintiff," and "notwithstanding plaintiff's boilerplate allegations against [the adjuster], plaintiff's focus, and true complaint, has to do with [the insurer's] failure to pay plaintiff what plaintiff says he should receive under the terms of his insurance policy."[44]

21. Here, the "factual" allegations against Gracia purporting to support the causes of action against him, are nearly identical and equally conclusory, and they do not support the causes of action asserted against him for violations of Chapter 541 of the Texas Insurance Code. Specifically, Plaintiffs assert that Gracia violated Insurance Code Sections 541.060(a)(1) by

---

2001) (holding that the allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim.").
[42] *Id*.
[43] *Id*. at *6.
[44] *Id*. (citing *Griggs*,181 F.3d at 699).

"misrepresenting to Plaintiffs material facts relating to the coverage at issue;" 541.060(a)(2)(A) by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of ... a claim with respect to which the insurer's liability has become reasonably clear;" 541.060(a)(3) by "failing to promptly provide Plaintiffs with a reasonable basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim;" 541.060(a)(4) by "failing within a reasonable time to affirm or deny coverage" on the claim "or to submit a reservation of rights to Plaintiffs;" and 541.060(a)(7) by "refusing to pay Plaintiffs' Claim without conducting a reasonable investigation."[45] Additionally, Plaintiffs assert causes of action against all Defendants for common law fraud and conspiracy to commit fraud.[46] But no facts are asserted in support of these allegations either—just conclusory statements regarding misrepresentations and reliance, nearly identical to those provided in support of the Insurance Code violations.[47]

22.     Plaintiffs' 541.060(a)(1) claim fails as a matter of law. "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage."[48] Gracia' alleged misrepresentation, which is about the amount of damage, if any, caused by wind, does not relate to the coverage at issue. Plaintiffs' 541.060(a)(2)(A) claim fails as well because Gracia, as an adjuster, has no settlement authority and therefore cannot be liable under § 541.060(a)(2)(A).[49] Similarly, Plaintiffs' 541.060(a)(3) and 541.060(a)(4) claims fail as well. "[A]n adjuster cannot be held liable under [541.060(a)(4)(A)] because an adjuster does not have authority on behalf of the

---

[45] Plaintiffs' Petition, at ¶¶ 44-50.
[46] *Id.* at ¶¶ 68-71.
[47] *Id.*; *see also* supra note 39.
[48] *See Rockbrook Realty Ltd. v. Travelers Lloyds Ins. Co.,* No. 3:16-cv-2376-D, 2016 WL 8674683, at *3 (N.D. Tex. Nov. 18, 2016) (quoting *One Way Invs.,* 2014 WL 6991277, at *4).
[49] *Id.*

insurer to affirm or deny coverage of a claim to a policyholder."[50] Likewise, "an adjuster cannot be held liable under 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim."[51] Finally, Plaintiffs' 541.060(a)(7) claims fail because, like 541.060(a)(2), "the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances…not the individual responsible for conducting the investigation."[52]

23. As such, Plaintiffs' Original Petition fails to establish a plausible right to recovery against Gracia. Accordingly, Gracia was improperly joined and his citizenship should be disregarded for purposes of affirming federal diversity jurisdiction.[53]

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS**

24. The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332 (a). Plaintiffs' Original Petition recites that they are seeking actual damages, statutory damages including penalty interest, mental anguish damages, treble damages, exemplary damages and attorney's fees for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, fraud and conspiracy to commit fraud relating to the Defendants' alleged failure to properly adjust the claim for Plaintiffs' alleged property damage.[54] Further, Plaintiffs' Petition states Plaintiffs are seeking no less than $100,000.00 but no more than

---

[50] *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (second alteration in original) (quoting *One Way*, 2014 WL 6991277, at *5).
[51] *Id.*
[52] *2223 Lombardy Warehouse, LLC v. Mount Vernon Fire Insurance Company*, No. 3:17-CV-2795-D, 2019 WL 1583558, at *5 (N.D. Tex. April 12, 2019) (citing *Rockbrook*, 2016 WL 8674683, at *4 (alteration in original) (quoting *One Way*, 2014 WL 6991277, at *4).
[53] *Id.*; *see also Jones v. Allstate Ins. Co.*, No. 3:13-cv-4027-BN, 2014 WL 415951, at*4 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient").
[54] Plaintiffs' Petition, at ¶¶ 37-80.

$200,000.00 for their damages.[55] Thus, Plaintiffs' Petition shows on its face that Plaintiffs' claims are in excess of $75,000.00. *See* Plaintiffs' Original Petition incorporated herein under **Exhibit B**.

## II.   EXHIBIT INDEX

**Exhibit A**   Index of Matters Being Filed

**Exhibit B**   All Executed Process in this Case

**Exhibit C**   List of all Counsel of Record

**Exhibit D**   Civil Cover Sheet

## III.   THE REMOVAL IS PROCEDURALLY CORRECT

25.   All parties who have been properly joined or served with Summons consent to the removal of this case to Federal Court.

26.   Venue is proper in this District because the district and division embrace the place where the removal action has been pending.

27.   Ocean Harbor will promptly provide written notice of the filing of this Notice of Removal to all parties and to the clerk of the 267th Judicial District Court of Refugio County, Texas.

DATE: December 16, 2019

[Signature on next page]

---

[55] *Id.* at ¶ 7.

4831-7932-9966.1

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
Sarah R. Smith
Texas State Bar No. 24056346
USDC-SD Texas No. 1196616
Sarah C. Plaisance
Texas State Bar No. 24102361
USDC-SD Texas No. 3310762
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT,
OCEAN HARBOR CASUALTY INSURANCE
COMPANY

## **CERTIFICATE OF SERVICE**

    Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on December 16, 2019, via e-filing addressed to:

Andrew C. Cook                        *Via Eserve*
THE COOK LAW FIRM, PLLC
7324 Southwest Freeway, Suite 585
Houston, TX 77074
acc@texasinsurancelaw.com

Sean H. McCarthy
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Smccarthy@williamskherkher.com

*Attorneys for Plaintiffs*

                                               */s/ Sarah R. Smith*
                                               Sarah R. Smith