# EXHIBIT B

REGISTERED AGENT SOLUTIONS INC

**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

11/6/2019

Lori Crable
**Specialty Insurance Services Corporation**
7000 Midland Blvd.
Amelia, OH 45102-2607 USA

**NOTICE OF CONFIDENTIALITY**
This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE: Specialty Insurance Services Corporation**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
For additional information and instruction, contact the document issuer: THE COOK LAW FIRM, PLLC

**SERVICE INFORMATION**

Service Date: 11/6/2019
Service Time: 3:21 PM CST
Service Method: Process Server

**RASi REFERENCE INFORMATION**

Service No.: 0121359
RASi Office: Texas
Rec. Int. Id.: JGK

**CASE INFORMATION**

Case Number: 2019-10-13018
File Date: 10/25/2019
Jurisdiction: 267TH JUDICIAL DISTRICT COURT OF REFUGIO COUNTY, TEXAS
Case Title: ERNEST ZARATE, ET AL., VS. SPECIALTY INSURANCE SERVICES CORPORATION, ET

**ANSWER / APPEARANCE INFORMATION**

20 days *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**

Firm/Issuing Agent: THE COOK LAW FIRM, PLLC
Attorney/Contact: ANDREW C. COOK
Location: Texas
Telephone No.: 713-401-2890

**DOCUMENT(S) RECEIVED & ATTACHED**

Summons
Interrogatories
Petition: PLAINTIFF'S ORIGINAL
OtherDetail: REQUEST FOR PRODUCTION
Exhibits included

**ADDITIONAL NOTES**

ALTERNATE PHONE NO LISTED FOR ATTORNEY SEAN H. MCCARTHY:713-230-2200

**Questions or Comments...** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account. RASi offers additional methods of notification including Telephone Notification and FedEx Delivery. If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

CITATION BY PERSONAL SERVICE - DISTRICT CLERK

## THE STATE OF TEXAS



## COUNTY OF REFUGIO

### TO: REGISTERED AGENT SOLUTIONS INC., SPECIALTY INSURANCE SERVICES CORPORATION, 1701 DIRECTORS BLVD., SUITE 300 AUSTIN, TX 78744.

**Defendant, Greeting:**

You are hereby commanded to appear before the Honorable District Court, **267th** Judicial District of Refugio County, Texas, at the Courthouse in Refugio, Texas, by filing a written answer, at or before 10:00 o'clock A.M. of the Monday next after the expiration of twenty days from the date of service of this citation, to **PLAINTIFFS' ORIGINAL PETITION,** filed in said Court the **25TH** day of **OCTOBER, A. D., 2019** in the cause numbered, **2019-10-13018,** on the docket of said court and styled,

**ERNEST ZARATE AND SANDRA ARRAMBIDE**
**VS.**
**SPECIALTY INSURANCE SERVICES COPORATION,**
**OCEAN HARBOR CASUALTY INSURANCE COMPANY**
**CHRISTY MILAM, AND ROBERT R. GRACIA, JR.**

The nature of **PLAINTIFFS** demand is fully shown by a true and correct copy of **PLAINTIFFS' ORIGINAL PETITION,** accompanying this citation, and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make the return as the law directs.

Issued and given under my hand and the Seal of said Court at Refugio, Texas, this the **28TH** day of **October A.D. 2019.**

**ATTORNEY**
**Mr. Andrew C. Cook**
**Attorney at Law**
**7324 Southwest Freeway, Suite 585**
**Houston, Texas 77074**

**RUBY GARCIA, District Clerk**
**267th District Court**
**Refugio, County, Texas**
**P. O. Box 736**
**Refugio, TX 78377**

By: _____ Deputy

IMPORTANT NOTICE
YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS

## RETURN TO COURT

AFTER YOU WERE SERVED THIS CITATION AND PETITION, DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

## Cause No. 2019-10-13018

==================================================

## CITATION FOR PERSONAL SERVICE

==================================================

### ERNEST ZARATE, ET AL
### VS.
### SPECIALTY INSURANCE SERVICES COPORATION, ET AL

==================================================

In the **267th** District Court
of Refugio County, Texas

==================================================

**Issued October 28, 2019**
**RUBY GARCIA, District Clerk**
**267th District Court, Refugio County, Texas**

By: _____, Deputy

==================================================

## RETURN

Came to hand on the _____ day of _____ A.D. 20___ at _____
o'clock ___M, Executed at _____, in the County of
_____, State of _____ at ____ o'clock ____ on the _____ day of
_____ 20___, by delivering to the within named _____

_____

Each in person, a true copy of this Citation together with the accompanying copy of
the petition, having first endorsed thereon the date of delivery, and the distance
actually traveled by me in serving such process was _____ miles. I am an adult and
in no manner interested in this suit.

**FEES:** Serving   cop.        $
       Mileage   miles    $           **Sheriff/Constable**
       Notary Fee         $    _____ **County** _____
                                 **By**_____ **Deputy**
     **TOTAL**          $ _____

**NOTE:** Must be verified if served outside the State of Texas.

Signed and sworn to by the said _____
Before me this _____ day of _____, 20__, to certify which witness my hand and
seal of office.

                       Notary Public, _____ County, _____

                      _____

CAUSE NO. _____

| | | |
|---|---|---|
| ERNEST ZARATE AND SANDRA ARRAMBIDE | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | REFUGIO COUNTY, TEXAS |
| SPECIALTY INSURANCE SERVICES COPORATION, OCEAN HARBOR CASUALTY INSURANCE COMPANY, CHRISTY MILAM, AND ROBERT R. GRACIA, JR. | § § § § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Ernest Zarate and Sandra Arrambide, file this Plaintiffs' Original Petition against Defendants, Ocean Harbor Casualty Insurance Company, Specialty Insurance Services Corporation, Christy Milam, and Robert R. Gracia, Jr., and for cause of action, would respectfully show:

### I. DISCOVERY CONTROL PLAN

1.     Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party homeowners' insurance claim arising out of Plaintiffs' covered property damages caused by Hurricane Harvey. This dispute involves complex legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will require extensive and detailed discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiffs' claim, as well as the systematic approach by Specialty Insurance Services Corporation, Ocean Harbor Casualty Insurance Company and their  Adjusters to the handling of catastrophic loss property damage

claims arising from Hurricane Harvey. Plaintiffs therefore respectfully ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## II. PARTIES

2.  Plaintiffs, Ernest Zarate and Sandra Arrambide, are Texas residents who reside in Refugio County, Texas.

3.  Defendant, Ocean Harbor Casualty Insurance Company ("Ocean Harbor") is a Foreign insurance company authorized to engage in the business of insurance in the State of Texas. Ocean Harbor may be served with process through its registered agent, C T Corporation System, via certified mail, return receipt requested, at 350 North St. Paul St., Dallas, TX 75201.

4.  Defendant, Specialty Insurance Services Corporation ("Specialty Insurance") is a third-party adjusting company authorized to engage in the business of adjusting claims in the State of Texas. Specialty Insurance may be served with process through its registered agent, Registered Agent Solutions Inc., via certified mail, return receipt requested, at 1701 Directors Blvd, Suite 300 Austin, TX 78744.

5.  Defendant, Christy Milam, is an individual licensed adjuster, who has done business in the State of Texas. Ms. Milam may be served with process by certified mail, return receipt requested, at her principal place of business located at: 1283 Klopfer Rd. Juliette, GA 31046.

6.  Defendant, Robert R. Gracia Jr., is an individual licensed adjuster, who has done business in the State of Texas. Mr. Gracia may be served with process by certified mail, return receipt requested, at his principal place of business located at: 5310 Harvest Hill Rd., Suite 180 Ft. Worth, TX 76102.

### III. JURISDICTION AND VENUE

7.      This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seek monetary relief in excess of $100,000.00 and less than $200,000.00.

8.      This Court has personal jurisdiction over Ocean Harbor because Ocean Harbor is an insurance company authorized to do business in Texas and Plaintiffs' causes of action arise out of Ocean Harbor's business activities in this State.

9.      This Court has personal Jurisdiction over Specialty Insurance because Specialty Insurance is a company authorized to do business in Texas and Plaintiffs' causes of action arise out of Specialty Insurance's business activities in this State.

10.     This Court has personal jurisdiction over Christy Milam because Ms. Milam engages in the business of adjusting insurance claims in the State of Texas and Plaintiffs' causes of action arise out of her business activities in this State.

11.     This Court has personal jurisdiction over Robert Gracia because Mr. Gracia engages in the business of adjusting insurance claims in the State of Texas and Plaintiffs' causes of action arise of his business activities in this State.

12.     Venue is proper in Refugio County because the insured property is located in Refugio County and all or a substantial part of the events giving rise to this lawsuit occurred in Refugio County.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## IV.  FACTS

13.    Plaintiffs own the residential property at 216 Bissett Tivoli, Refugio County Texas (the "Property"). Ocean Harbor sold, and Plaintiffs paid for, a Texas insurance Policy (SWM-300316-07) to protect and insure their home.

14.    From August 25th through September 1, 2017, Hurricane Harvey swept across the Texas coastal region, causing widespread destruction and devastation. During this time, Hurricane Harvey caused widespread destruction throughout Refugio County and to Plaintiffs' Property, specifically.

15.    Following Hurricane Harvey, Plaintiffs promptly and timely reported their Property damage to Ocean Harbor. Plaintiffs asked Ocean Harbor to cover the cost of covered repairs required to return the Property to its pre-loss condition. Ocean Harbor, in turn, acknowledged the Claim, assigning it Claim No.2017-420001557. Plaintiffs are entitled to these benefits under the Policy because all the damage to the Property that is noted and described herein, was covered under the express terms of the Policy.

16.    Ocean Harbor assigned Specialty Insurance Services Company to manage and coordinate the adjustment of Plaintiffs' Claim.

17.    Specialty Insurance Services Company then assigned two individual adjusters, Christy Milam and Robert Gracia, to investigate and adjust the Claim.

18.    Christy Milam and Robert Gracia, however, failed to perform a reasonable or adequate investigation of Plaintiffs' Claim. In doing so, both adjusters either completely missed or simply ignored damages that were present at the time of their inspections and which were present at the times of their inspections, all of which were caused by Hurricane Harvey's devastating winds.

19.     The inadequacy of defendants' investigation and adjustment of Plaintiffs' Claim is evidenced by the fact that no defendant adjusted for, nor seemed even to grasp, the full scope of Plaintiffs' roof damage and neglected to address, or even note, the covered damage to every single room throughout the interior of their home. Plaintiffs' Property sustained extensive wind damage to its entire roof surface as well as to its exterior cladding and structural components. Evidence of massive wind damage to the Property is readily apparent from even a casual view. The massive amount of exterior damage allowed water to penetrate the Property's envelope in multiple locations and resulted directly in the substantial interior damage to Plaintiffs' home, which damage the defendant adjusters also failed to investigate or document properly or sufficiently.

20.     The adjusters' estimates—though ratified and adopted by Ocean Harbor—were contradictory to Ocean Harbor's actions. Ocean Harbor, by its partial payments, represented that the home was not a total loss. However, because the Property was effectively destroyed, Ocean Harbor paid the Plaintiffs ALE until May of 2018, until it arbitrarily and without basis in the policy or facts stopped issuing those payments despite the fact the home remained uninhabitable. [1]

21.     Defendants set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiffs' Claim for covered damages. At minimum, Ocean Harbor ratified the adjusters' unreasonable and improper investigation of the Claim, resulting in Plaintiffs' Claim effectively being denied in part as well as undervalued and underpaid.

22.     Plaintiffs have suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein. In short, Plaintiffs have yet to receive

---

[1]     Ocean Harbor improperly listed the mortgage company as a co-payee on all claim payments to its insureds, even those ALE ("Additional Living Expense") payments, which resulted in Plaintiffs having been unable to negotiate even these payments to date.

the full amount of payment to which they are entitled under the Policy because the Claim was unreasonably investigated and, in turn, improperly adjusted.

23.     To date, Ocean Harbor continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their property.

24.     Defendant Ocean Harbor failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Ocean Harbor's conduct constitutes a breach of the insurance contract between Ocean Harbor and Plaintiffs.

25.     Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

26.     Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

27.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs'

claim.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

28.     Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

29.     Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.  Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

30.     Defendant Ocean Harbor failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  Ocean Harbor's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

31.     Defendant Ocean Harbor failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  Ocean Harbor's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

32.     Defendant Ocean Harbor failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for their claim.  Ocean Harbor's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

33.     From and after the time Plaintiffs' claim was presented to Defendant Ocean Harbor, the liability of Ocean Harbor to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Ocean Harbor has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Ocean Harbor's conduct constitutes a breach of the common law duty of good faith and fair dealing.

34.     Defendants Ocean Harbor, Specialty Insurance, Christy Milam, and Robert Gracia knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

35.     As a result of Defendants Ocean Harbor's, Specialty Insurance's, Christy Milam's, and Robert Gracia's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firms who are representing it with respect to these causes of action.

36.     Plaintiffs' experience is not an isolated case.  The acts and omissions Ocean Harbor committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Ocean Harbor with regard to handling these types of claims. Ocean Harbor's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## V.  CAUSES OF ACTION

### CAUSES OF ACTION AGAINST CHRISTY MILAM
### TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

37.     Ms. Milam's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

38.     Ms. Milam is individually liable for her unfair and deceptive acts because she is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Ocean Harbor's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

39.     Ms. Milam's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

40.     Ms. Milam's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

41.     The unfair settlement practice of Ms. Milam, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

42.     Ms. Milam's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

43.     Ms. Milam's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ROBERT GRACIA
### TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

44.     Mr. Gracia's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

45.     Mr. Gracia is individually liable for his unfair and deceptive acts because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Ocean Harbor's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors,*

*Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

46.     Mr. Gracia's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

47.     Mr. Gracia's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

48.     The unfair settlement practice of Mr. Gracia, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

49.     Mr. Gracia's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

50.     Mr. Gracia's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST SPECIALTY INSURANCE
### TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

51.    Specialty Insurance's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

52.    Specialty Insurance is individually liable for its unfair and deceptive acts because it is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Ocean Harbor's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

53.    Specialty Insurance's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

54.    Specialty Insurance's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

55.     The unfair settlement practice of Specialty Insurance, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

56.     Specialty insurance's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

Specialty Insurance's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST OCEAN HARBOR, ONLY

### BREACH OF CONTRACT

57.     An insurance policy is a contract under Texas law. Ocean Harbor failed to perform its contractual duties to adequately compensate Plaintiffs in accordance to the terms of the Policy that they wrote and sold to Plaintiffs. Specifically, Ocean Harbor refused to pay the full amount of benefits owed under the Policy, although due demand was made, and all conditions precedent to recovery under the Policy had been performed and accomplished by Plaintiffs or waived by Ocean

Harbor. Ocean Harbor's conduct constitutes a breach of the insurance contract between Ocean Harbor and Plaintiffs.

## NON-COMPLIANCE BY OCEAN HARBOR WITH THE
## TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

58.    Ocean Harbor's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

59.    Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Ocean Harbor's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating—by way of the estimate—the Plaintiffs' damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiffs' damages; (3) using the Adjuster's statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiffs in fact received.

60.    Ocean Harbor's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

61.    Ocean Harbor's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

62.     Ocean Harbor failed to explain to Plaintiffs the reasons for its decision not to include all covered damages in its evaluation and/or payment(s) on the Claim. Furthermore, Ocean Harbor did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiffs' loss, nor did it provide any explanation for its refusal to adequately settle Plaintiffs' Claim. Ocean Harbor's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a)(3).

63.     Although promptly reported by Plaintiffs Ocean Harbor, Ocean Harbor did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' damages, both exterior and interior. Ocean Harbor's unfair settlement practice, as described above, of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### NON-COMPLIANCE BY OCEAN HARBOR WITH THE TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT

64.     Ocean Harbor's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

65.     Ocean Harbor's failure—and on-going refusal—to remit full payment of the amounts owed on Plaintiffs' Claim following its receipt of all items, statements, and forms reasonably requested and required by it, from its insureds, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

66.     Ocean Harbor's conduct constitutes a breach of the common law duty of good faith and fair dealing that Ocean Harbor, as an insurer in the State of Texas, owes to its insureds on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

67.     Ocean Harbor's failure, as described above, to adequately and reasonably investigate and adjust Plaintiffs' Claim, despite the fact that at the very same time, Ocean Harbor knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of Ocean Harbor's duty of good faith and fair dealing to Plaintiffs, which is both non-delegable and continues to exist until such time as the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

68.     Defendants are liable to Plaintiffs for common law fraud.

69.     Each and every one of the representations, as described above concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Ocean Harbor, Specialty Insurance, Christy Milam, and Robert Gracia knew were false or made recklessly without any knowledge of their truth as a positive assertion.

70.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

71.     Defendants Ocean Harbor, Specialty Insurance, Christy Milam, and Robert Gracia are liable to Plaintiffs for conspiracy to commit fraud. Defendants Ocean Harbor, Specialty Insurance, Christy Milam, and Robert Gracia were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Ocean Harbor, Specialty Insurance, Christy Milam, and Robert Gracia committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## VI.     KNOWLEDGE

72.     All of the acts described above, together and singularly, were committed "knowingly" as that term is used in the TEXAS INSURANCE CODE and were a producing cause of Plaintiffs' damages described herein.

## VII.     CONDITIONS PRECEDENT

73.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred and/or Ocean Harbor waived the same. This includes, but is not limited to, providing notice pursuant to TEX. INS. CODE §542A.003 and pre-litigation alternative dispute resolution, if any. Plaintiffs plead, would show, and does aver that—to the extent any Defendant or Defendants might allege that Plaintiffs' presuit Notice fails, was invalid, or failed to conform strictly with the timeline required by §542A.003(a)—Plaintiffs' presuit notice and the filing of this lawsuit fall within the savings clause of §542A.003(d)(1).

## VIII.   DAMAGES

74.     Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

75.     As previously mentioned, Plaintiffs' covered losses have not been properly addressed or paid, which has prevented Plaintiffs from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiffs. These damages and losses are a direct result of Defendants' mishandling of Plaintiffs' Claim in violation of the terms of the Policy at issue and of the laws set forth above.

76.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain with respect to their purchase of the Policy, which is the amount of their Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

77.     For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiffs are entitled to actual damages, which include the amount of monetary benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorneys' fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiffs are entitled to, and hereby, seek recovery of three times their actual damages. TEX. INS. CODE §541.152.

78.     For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiffs are entitled to interest on the amount of the Claim as damages at the applicable rate as determined under TEX. INS. CODE §542.060(a), §542.060(c), and TEX. FIN. CODE §304.003, together with reasonable and necessary attorneys' fees, which shall be taxed as part of the costs in the case.

79.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Ocean Harbor's breach of its Duty, such as additional costs, economic hardship, additional losses resulting from nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

80.     For the prosecution and collection of this Claim, Plaintiffs have been compelled to engage the services of the attorney and law firm whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## IX.   JURY DEMAND

81.     Plaintiffs request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Refugio County, Texas.

## X.   DISCOVERY REQUESTS TO ALL DEFENDANTS

### REQUEST FOR DISCLOSURE

82.     Pursuant to Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

### REQUEST FOR PRODUCTION

83.     Plaintiffs' First Request for Production to Defendant Ocean Harbor is attached hereto as "Exhibit A-1". Defendant Ocean Harbor is required to provide, within 50 days of service of same, its verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

84.     Plaintiffs' First Request for Production to Defendant Specialty Insurance is attached hereto as "Exhibit A-2". Defendant Specialty Insurance is required to provide, within 50 days of service of same, its verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

### REQUEST FOR ADMISSION

85.     Plaintiffs' First Request for Admission to Defendant Ocean Harbor is attached hereto as "Exhibit B". Defendant Ocean Harbor is required to provide, within 50 days of service of same, its admissions or denials to these Requests to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

### INTERROGATORIES

86.     Plaintiff Ernest Zarate's First Set of Interrogatories to Defendant Ocean Harbor is attached hereto as Exhibit "C-1". Defendant Ocean Harbor is required to provide, within 50 days of service of same, its verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

87.     Plaintiff Ernest Zarate's First Set of Interrogatories to Defendant Specialty Insurance is attached hereto as Exhibit "C-2". Defendant Specialty Insurance is required to provide, within 50 days of service of same, his verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

88.     Plaintiff Ernest Zarate's First Set of Interrogatories to Defendant Christy Milam is attached hereto as Exhibit "C-3". Defendant Christy Milam is required to provide, within 50 days of service of same, his verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

89.     Plaintiff Ernest Zarate's First Set of Interrogatories to Defendant Robert Gracia is attached hereto as Exhibit "C-4". Defendant Robert Gracia is required to provide, within 50 days of service of same, his verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

<div align="center">

**DESIGNATED E-SERVICE EMAIL ADDRESS**

</div>

90.     The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to TEX. R. CIV. P. 21(f)(2) & 21(a). (efile@texinsurancelaw.com). This is the undersigned's **ONLY** electronic service email address, and service through any other email address will be considered invalid.

<div align="center">

**PRAYER**

</div>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and will recover such sums as would reasonably and justly compensate in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which they may show themselves to be justly entitled.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**

**BY:**     */s/ Andrew C. Cook*
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas 77074
Tel. (713) 401-2890
Fax: (682) 200-2849
efile@texinsurancelaw.com

**AND:**

Sean H. McCarthy
State Bar No. 24065706
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Tel. (713) 230-2200
Fax (713) 643-6226
smccarthy@whlaw.com

**ATTORNEYS FOR PLAINTIFFS**

# **# DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (efile@texinsurancelaw.com). This is the undersigned's **ONLY** electronic service email address, and service through any other email address will be considered invalid.

# EXHIBIT A-1

CAUSE NO. _____

| | | |
|---|---|---|
| **ERNEST ZARATE AND SANDRA ARRAMBIDE** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | **REFUGIO COUNTY, TEXAS** |
| **SPECIALTY INSURANCE SERVICES COPORATION, OCEAN HARBOR CASUALTY INSURANCE COMPANY, CHRISTY MILAM, AND ROBERT R. GRACIA, JR.** | § § § § § § | |
| *Defendants.* | § § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
### TO DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY

COME NOW Plaintiffs, in the above-styled and numbered cause, and request that Ocean Harbor: (1) answer the Requests for Production separately and fully in writing within 50 days of service (2) serve your answers to these Requests for Production through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; and (3) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at THE COOK LAW FIRM, PLLC. You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

  a.  You know the response made was incorrect or incomplete when made; or

  b.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,
THE COOK LAW FIRM, PLLC


**BY:**     /s/ Andrew C. Cook
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas  77074
Tel. (713) 401-2890
Fax: (682) 200-2849
efile@texinsurancelaw.com

**AND:**

Sean H. McCarthy
State Bar No. 24065706
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas  77017
Tel. (713) 230-2200
Fax (713) 643-6226
smccarthy@whlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## DEFINITIONS AND INSTRUCTIONS

A.  These Requests call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.  The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person).  The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

C.  The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

D.  "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

E.  If you claim that any document which is required to be identified or produced by you in any response is privileged:

    1.  Identify the document's title and general subject matter;

    2.  State its date;

    3.  Identify all persons who participated in its preparation;

    4.  Identify the persons for whom it was prepared or to whom it was sent;

    5.  State the nature of the privilege claimed; and

    6.  State in detail each and every fact upon which you base your claim for privilege.

F.  "You," "Your," "Yours", "Defendant" and "Defendants" means all Defendants in this case.

G.  "Property" means the property defined in the Petition.

H.  "Policy" means the insurance policy identified in the Petition.

I.  The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

**J.**      "Plaintiff" includes all Plaintiffs and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO**
**DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY**

1.    All communications and documents, including electronic, between Defendant and
      Plaintiffs regarding Plaintiffs' claim(s).

      RESPONSE:

2.    All communications and documents, including electronic, between Defendant and any
      third-party regarding Plaintiffs' claim(s).

      RESPONSE:

3.    All communications and documents, including electronic, between Defendant and any
      other defendant(s) regarding Plaintiffs' claim(s).

      RESPONSE:

4.    All communications and documents, including electronic, between Defendant's business
      departments, including all persons part of the Defendant company, regarding Plaintiffs'
      claim(s).

      RESPONSE:

5.    All communications and documents, including electronic, Defendant sent to any other
      defendant(s) in this cause of action regarding Plaintiffs or the Property, after Plaintiffs
      made their claim(s) for coverage.

      RESPONSE:

6.    Color copies of all photographs, diagrams, drawings, or other graphic depictions of
      Plaintiffs or the Property made the basis of this Lawsuit.

      RESPONSE:

7.    Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and
      summaries, regarding the insurance claim(s) made the basis of this lawsuit.

      RESPONSE:

8.    All reports and other documents from governmental agencies or offices regarding
      Plaintiffs' Property or containing officially kept information regarding Plaintiffs' Property.

      RESPONSE:

9.    Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiffs under their homeowner insurance policy/policies, specifically regarding damage to the exterior and interior of Plaintiffs' Property. This request is limited to the last ten (10) years.

RESPONSE:

10.   All documents including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiffs' Property made the basis of this Lawsuit.

RESPONSE:

11.   Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiffs' Property made the basis of this Lawsuit.

RESPONSE:

12.   Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiffs' Property made the basis of this Lawsuit.

RESPONSE:

13.   All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, water damage, hail damage, roof damage, and/or wind damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

14.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims or avoiding charges of bad faith. This request is limited to the last five (5) years.

RESPONSE:

15.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060. This request is specifically limited to the last five (5) years.

RESPONSE:

16. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 *et seq.* This request is specifically limited to the last five (5) years.

    RESPONSE:

17. Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

    RESPONSE:

18. Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insureds against Defendant regarding the handling, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.

    RESPONSE:

19. A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

    RESPONSE:

20. Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, hail damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

    RESPONSE:

21. Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiffs' claim(s). This request is limited to the last five (5) years.

    RESPONSE:

22. Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

    RESPONSE:

23.     Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiffs' claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

        RESPONSE:

24.     Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiffs' claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to the State of Texas. This request is limited to the last five (5) years.

        RESPONSE:

25.     A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

        RESPONSE:

26.     The most recent address maintained on file for any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

        RESPONSE:

27.     Any and all activity logs relating to Plaintiffs' claim(s) for property damage, hurricane damage, hail damage, roof damage, and/or wind damage to their property, specifically the claim(s) made the basis of this suit.

        RESPONSE:

28.     Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiffs' claim(s).

        RESPONSE:

29.     Any and all organizational charts for Defendant.

        RESPONSE:

30.     Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiffs' claim(s) was assigned. This request is limited to the last five (5) years.

        RESPONSE:

31.   Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiffs' claim(s).

RESPONSE:

32.   Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit in Texas. This request is limited to the last five (5) years.

RESPONSE:

33.   Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.  This request is limited to the last five (5) years.

RESPONSE:

34.   Any and all documents reflecting or relating to Defendant's decision to pay or deny additional living expenses to or on behalf of Plaintiffs in this case.

RESPONSE:

35.   Any and all documents relating to the assignment of Plaintiffs' claim(s) to any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present.

RESPONSE:

36.   Any and all documents relating to or reflecting referrals of vendors to Plaintiffs or any insured.

RESPONSE:

37.   If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

RESPONSE:

38.   Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this Lawsuit.

RESPONSE:

39.     Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiffs, and any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this Lawsuit.

RESPONSE:

40.     All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

RESPONSE:

41.     Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

RESPONSE:

42.     Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by homeowner insureds. This request is limited to the last five (5) years.

RESPONSE:

43.     Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiffs' claim(s).

RESPONSE:

44.     All computer files, databases, electronically-stored information or computer-stored information regarding the claims handling procedures and protocols used in Texas related to property damage claims (specifically, hurricane, water, roof and/or catastrophe claims) that have been compiled, prepared, supervised and/or directed by Defendant, which would have been accessible or applicable to the claim(s) made the basis of this lawsuit. This request is limited to Texas and the time period starting January 1, 2016 to present. This request includes documents in Defendant's possession as well as in possession of any third party adjusting company or adjuster used by Defendant to adjust such referenced claims from January 1, 2016 to present.

RESPONSE:

45.     True and complete copies of all activity logs filed by the staff and independent adjusters on the file.

RESPONSE:

46.    Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

RESPONSE:

47.    Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters.  This request is limited to the last five (5) years.

RESPONSE:

48.    Any and all correspondence and lawsuits involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail damage, roof damage, and/or wind damage claims from 2012 to present.

RESPONSE:

49.    Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of claims files, management of property damage, hail damage, roof damage and/or wind damage claims, including staff and vendors.

RESPONSE:

50.    Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, roof damage and/or wind damage.

RESPONSE:

51.    Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, roof damage, and/or wind damage claims.

RESPONSE:

52.    Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, roof damage, and/or wind damage claims for 2012 through the present. Include a list of the lawsuits where testimony was given.

RESPONSE:

53.    Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, Hurricane Harvey claims, wind damage claims, hail damage claims, and/or roof damage claims training. This request is limited to the last ten (10) years.

       RESPONSE:

54.    Any and all reports, documents or correspondence containing lists of files with written complaints or Department of Insurance complaints on property damage, hurricane damage, wind damage, hail damage, and/or roof damage claims previously gathered and produced in other TDI complaints or lawsuits. This request is limited to the last five (5) years.

       RESPONSE:

55.    Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs under the insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.

       RESPONSE:

56.    Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs regarding the insurance claim made the basis of this lawsuit.

       RESPONSE:

57.    Studies commissioned by Defendant, including any done by a law firm, to analyze their claim management strategies, and/or to help them improve corporate profits.

       RESPONSE:

58.    Affidavits or depositions of the employee(s) who handled Plaintiffs' claim(s), or their supervisors, in other cases involving the same or similar allegations in this case.

       RESPONSE:

59.    For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents and tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony.

       RESPONSE:

60.    Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing a conviction of crime which you intend to use as evidence to impeach Plaintiff or any witnesses.

RESPONSE:

61.    All correspondence, whether handwritten, typed, computer generated, or emails regarding pricing used by Defendant in the adjusting of wind, hail, or claims in Refugio County, Texas. This request is limited to the past three (3) years.

RESPONSE:

62.    All correspondence, whether hand written, typed, computer generated, or emails regarding variations from Defendant's price list, including, but not limited to, when a variation is permissible, who is authorized to make such variations and what documentation, if any, must be included in a file with a pricing variation.

RESPONSE:

63.    All correspondence, whether hand written, typed, computer generated, emails, instructions, procedures and/or company policies regarding the unit roofing prices used by Defendant for wind, hail, or claims in Refugio County, Texas., including, but not limited to, what items Defendant alleges to be included in these unit prices. This request is limited to the past three (3) years.

RESPONSE:

64.    All communications and documents, including electronic, regarding Defendant's process of selecting engineers in its adjusting process. This request is limited to the last five years.

RESPONSE:

65.    All communications and documents, including electronic, regarding coverage disputes between Defendant and engineers in the adjusting process.

RESPONSE:

66.    All communications and documents, including electronic, regarding the payment of overhead and profit. This request is limited to the last five years.

RESPONSE:

67.    All communications and documents, including electronic, regarding Defendant's process for storing and retrieving documents and emails.

RESPONSE:

68.     All communications and documents, including electronic, regarding Defendant's use of depreciation in insurance claims, including, but not limited to, how depreciation is calculated on a particular item and what training, if any, adjusters employed by or working on behalf of Defendant receive on calculating depreciation and what evidence Defendant requires a policyholder to present in order to receive the holdback depreciation on his claim. This request is limited to the last five years.

RESPONSE:

# EXHIBIT A-2

## CAUSE NO. _____

| | | |
|---|---|---|
| **ERNEST ZARATE AND SANDRA** | § | **IN THE DISTRICT COURT OF** |
| **ARRAMBIDE** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **REFUGIO COUNTY, TEXAS** |
| | § | |
| **SPECIALTY INSURANCE SERVICES** | § | |
| **COPORATION, OCEAN HARBOR** | § | |
| **CASUALTY INSURANCE COMPANY,** | § | |
| **CHRISTY MILAM, AND ROBERT R.** | § | |
| **GRACIA, JR.** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
### TO DEFENDANT SPECIALTY INSURANCE SERVICES CORPORATION

COME NOW Plaintiffs, in the above-styled and numbered cause, and request that Specialty Insurance: (1) answer the Requests for Production separately and fully in writing within 50 days of service. (2) serve your answers to these Requests for Production through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; and (3) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at THE COOK LAW FIRM, PLLC. You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

    a.      You know the response made was incorrect or incomplete when made; or

    b.      You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**

**BY:**     */s/ Andrew C. Cook*
            Andrew C. Cook
            State Bar No. 24057481
            7324 Southwest Freeway, Suite 585
            Houston, Texas 77074
            Tel. (713) 401-2890
            Fax: (682) 200-2849
            efile@texinsurancelaw.com

**AND:**

            Sean H. McCarthy
            State Bar No. 24065706
            WILLIAMS HART BOUNDAS EASTERBY, LLP
            8441 Gulf Freeway, Suite 600
            Houston, Texas 77017
            Tel. (713) 230-2200
            Fax (713) 643-6226
            smccarthy@whlaw.com

### **ATTORNEYS FOR PLAINTIFFS**

## DEFINITIONS AND INSTRUCTIONS

A.   These Requests call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person).  The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

C.   The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

D.   "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

E.   If you claim that any document which is required to be identified or produced by you in any response is privileged:

    1.   Identify the document's title and general subject matter;

    2.   State its date;

    3.   Identify all persons who participated in its preparation;

    4.   Identify the persons for whom it was prepared or to whom it was sent;

    5.   State the nature of the privilege claimed; and

    6.   State in detail each and every fact upon which you base your claim for privilege.

F.   "You," "Your," "Yours", "Defendant" and "Defendants" means all Defendants in this case.

G.   "Property" means the property defined in the Petition.

H.   "Policy" means the insurance policy identified in the Petition.

I.   The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

J.  "Plaintiff" includes all Plaintiffs and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT SPECIALTY INSURANCE SERVICES CORPORATION

1.  All communications and documents, including electronic, between Defendant and Plaintiffs regarding Plaintiffs' claim(s).

    RESPONSE:

2.  All communications and documents, including electronic, between Defendant and any third-party regarding Plaintiffs' claim(s).

    RESPONSE:

3.  All communications and documents, including electronic, between Defendant and any other defendant(s) regarding Plaintiffs' claim(s).

    RESPONSE:

4.  All communications and documents, including electronic, between Defendant's business departments, including all person's part of the Defendant company, regarding Plaintiffs' claim(s).

    RESPONSE:

5.  All communications and documents, including electronic, Defendant sent to any other defendant(s) in this cause of action regarding Plaintiffs or the Property, after Plaintiffs made their claim(s) for coverage.

    RESPONSE:

6.  Color copies of all photographs, diagrams, drawings, or other graphic depictions of Plaintiffs or the Property made the basis of this Lawsuit.

    RESPONSE:

7.  Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries, regarding the insurance claim(s) made the basis of this lawsuit.

    RESPONSE:

8.  All reports and other documents from governmental agencies or offices regarding Plaintiffs' Property or containing officially kept information regarding Plaintiffs' Property.

    RESPONSE:

9.  Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiffs under their homeowner insurance policy/policies, specifically regarding damage to the exterior and interior of Plaintiffs' Property.  This request is limited to the last ten (10) years.

    RESPONSE:

10. All documents including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiffs' Property made the basis of this Lawsuit.

    RESPONSE:

11. Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiffs' Property made the basis of this Lawsuit.

    RESPONSE:

12. Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiffs' Property made the basis of this Lawsuit.

    RESPONSE:

13. All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, water damage, hail damage, roof damage, and/or wind damage under homeowner insurance policies in Texas.  This request is limited to the last five (5) years.

    RESPONSE:

14. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims or avoiding charges of bad faith.  This request is limited to the last five (5) years.

    RESPONSE:

15. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060.  This request is specifically limited to the last five (5) years.

    RESPONSE:

16.    All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 *et seq.* This request is specifically limited to the last five (5) years.

RESPONSE:

17.    Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

RESPONSE:

18.    Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insureds against Defendant regarding the handling, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

19.    A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

RESPONSE:

20.    Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, hail damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

21.    Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiffs' claim(s). This request is limited to the last five (5) years.

RESPONSE:

22.    Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

RESPONSE:

23.     Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiffs' claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

RESPONSE:

24.     Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiffs' claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to the State of Texas. This request is limited to the last five (5) years.

RESPONSE:

25.     A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

RESPONSE:

26.     The most recent address maintained on file for any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

RESPONSE:

27.     Any and all activity logs relating to Plaintiffs' claim(s) for property damage, hurricane damage, hail damage, roof damage, and/or wind damage to their property, specifically the claim(s) made the basis of this suit.

RESPONSE:

28.     Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiffs' claim(s).

RESPONSE:

29.     Any and all organizational charts for Defendant.

RESPONSE:

30.     Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiffs' claim(s) was assigned. This request is limited to the last five (5) years.

RESPONSE:

31.     Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiffs' claim(s).

        RESPONSE:

32.     Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit in Texas. This request is limited to the last five (5) years.

        RESPONSE:

33.     Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.  This request is limited to the last five (5) years.

        RESPONSE:

34.     Any and all documents reflecting or relating to Defendant's decision to pay or deny additional living expenses to or on behalf of Plaintiffs in this case.

        RESPONSE:

35.     Any and all documents relating to the assignment of Plaintiffs' claim(s) to any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present.

        RESPONSE:

36.     Any and all documents relating to or reflecting referrals of vendors to Plaintiffs or any insured.

        RESPONSE:

37.     If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

        RESPONSE:

38.     Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this Lawsuit.

RESPONSE:

39.     Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiffs, and any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this Lawsuit.

RESPONSE:

40.     All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

RESPONSE:

41.     Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

RESPONSE:

42.     Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by homeowner insureds. This request is limited to the last five (5) years.

RESPONSE:

43.     Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiffs' claim(s).

RESPONSE:

44.     All computer files, databases, electronically-stored information or computer-stored information regarding the claims handling procedures and protocols used in Texas related to property damage claims (specifically, hurricane, water, roof and/or catastrophe claims) that have been compiled, prepared, supervised and/or directed by Defendant, which would have been accessible or applicable to the claim(s) made the basis of this lawsuit. This request is limited to Texas and the time period starting January 1, 2016 to present. This request includes documents in Defendant's possession as well as in possession of any third party adjusting company or adjuster used by Defendant to adjust such referenced claims from January 1, 2016 to present.

RESPONSE:

45.     True and complete copies of all activity logs filed by the staff and independent adjusters on the file.

RESPONSE:

46.  Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

RESPONSE:

47.  Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters.  This request is limited to the last five (5) years.

RESPONSE:

48.  Any and all correspondence and lawsuits involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail damage, roof damage, and/or wind damage claims from 2012 to present.

RESPONSE:

49.  Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of claims files, management of property damage, hail damage, roof damage and/or wind damage claims, including staff and vendors.

RESPONSE:

50.  Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, roof damage and/or wind damage.

RESPONSE:

51.  Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, roof damage, and/or wind damage claims.

RESPONSE:

52.  Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, roof damage, and/or wind damage claims for 2012 through the present. Include a list of the lawsuits where testimony was given.

RESPONSE:

53.     Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, Hurricane Harvey claims, wind damage claims, hail damage claims, and/or roof damage claims training.  This request is limited to the last ten (10) years.

        RESPONSE:

54.     Any and all reports, documents or correspondence containing lists of files with written complaints or Department of Insurance complaints on property damage, hurricane damage, wind damage, hail damage, and/or roof damage claims previously gathered and produced in other TDI complaints or lawsuits.  This request is limited to the last five (5) years.

        RESPONSE:

55.     Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs under the insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.

        RESPONSE:

56.     Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs regarding the insurance claim made the basis of this lawsuit.

        RESPONSE:

57.     Studies commissioned by Defendant, including any done by a law firm, to analyze their claim management strategies, and/or to help them improve corporate profits.

        RESPONSE:

58.     Affidavits or depositions of the employee(s) who handled Plaintiffs' claim(s), or their supervisors, in other cases involving the same or similar allegations in this case.

        RESPONSE:

59.     For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents and tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony.

        RESPONSE:

60.     Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing a conviction of crime which you intend to use as evidence to impeach Plaintiff or any witnesses.

RESPONSE:

61.   All correspondence, whether handwritten, typed, computer generated, or emails regarding pricing used by Defendant in the adjusting of wind, hail, or claims in Refugio County, Texas.  This request is limited to the past three (3) years.

RESPONSE:

62.   All correspondence, whether hand written, typed, computer generated, or emails regarding variations from Defendant's price list, including, but not limited to, when a variation is permissible, who is authorized to make such variations and what documentation, if any, must be included in a file with a pricing variation.

RESPONSE:

63.   All correspondence, whether hand written, typed, computer generated, emails, instructions, procedures and/or company policies regarding the unit roofing prices used by Defendant for wind, hail, or claims in Refugio County, Texas., including, but not limited to, what items Defendant alleges to be included in these unit prices. This request is limited to the past three (3) years.

RESPONSE:

64.   All communications and documents, including electronic, regarding Defendant's process of selecting engineers in its adjusting process. This request is limited to the last five years.

RESPONSE:

65.   All communications and documents, including electronic, regarding coverage disputes between Defendant and engineers in the adjusting process.

RESPONSE:

66.   All communications and documents, including electronic, regarding the payment of overhead and profit. This request is limited to the last five years.

RESPONSE:

67.   All communications and documents, including electronic, regarding Defendant's process for storing and retrieving documents and emails.

RESPONSE:

68.     All communications and documents, including electronic, regarding Defendant's use of depreciation in insurance claims, including, but not limited to, how depreciation is calculated on a particular item and what training, if any, adjusters employed by or working on behalf of Defendant receive on calculating depreciation and what evidence Defendant requires a policyholder to present in order to receive the holdback depreciation on his claim. This request is limited to the last five years.

RESPONSE:

# EXHIBIT B

CAUSE NO. _____

| | | |
|---|---|---|
| **ERNEST ZARATE AND SANDRA ARRAMBIDE** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | **REFUGIO COUNTY, TEXAS** |
| **SPECIALTY INSURANCE SERVICES COPORATION, OCEAN HARBOR CASUALTY INSURANCE COMPANY, CHRISTY MILAM, AND ROBERT R. GRACIA, JR.** | § § § § § § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY

COME NOW Plaintiffs, in the above-styled and numbered cause, and request that Ocean Harbor (1) answer the following Request for Admissions separately and fully in writing within 50 days of service; (2) serve your answers to the Request for Admissions through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a.   You know the response made was incorrect or incomplete when made; or

b.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**

**BY:**   */s/ Andrew C. Cook*
          Andrew C. Cook
          State Bar No. 24057481
          7324 Southwest Freeway, Suite 585
          Houston, Texas  77074
          Tel. (713) 401-2890
          Fax: (682) 200-2849
          efile@texinsurancelaw.com

**AND:**

          Sean H. McCarthy
          State Bar No. 24065706
          WILLIAMS HART BOUNDAS EASTERBY, LLP
          8441 Gulf Freeway, Suite 600
          Houston, Texas  77017
          Tel. (713) 230-2200
          Fax (713) 643-6226
          smccarthy@whlaw.com

          **ATTORNEYS FOR PLAINTIFFS**

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO
DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY**

1. Admit Plaintiffs submitted the claim for storm damage identified with Claim No. 2017-420001557 within the deadlines prescribed by the Policy.

**RESPONSE:**

2. Admit Plaintiffs fully complied with all contractual obligations imposed by the Policy.

**RESPONSE:**

3. Admit that Defendant Ocean Harbor should assist its policyholders with their insurance claims.

**RESPONSE:**

4. Admit that Defendant Ocean Harbor must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

**RESPONSE:**

5. Admit that Defendant Ocean Harbor should treat its policyholders' interests as no less than equal to its own.

**RESPONSE:**

6. Admit that Defendant Ocean Harbor issued an Insurance Policy (Policy No. SWM-300316-07) providing property insurance coverage for the Property located at 216 Bissett Tivoli, Refugio County, Texas to Plaintiffs: Ernest Zarate and Sandra Arrambide.

**RESPONSE:**

7. Admit that Plaintiffs paid Defendant Ocean Harbor for the Insurance Policy (Policy No.: SWM-300316-07).

**RESPONSE:**

8. Admit that Defendant Ocean Harbor accepted Plaintiff(s)' money in exchange for its issuance of the Insurance Policy (Policy No.: SWM-300316-07).

**RESPONSE:**

9. Admit that The Insurance Policy (Policy No.: SWM-300316-07) provides coverage for damage caused by wind, during the Policy Period, to the covered Property.

**RESPONSE:**

10. Admit that The Insurance Policy (Policy No.: SWM-300316-07) provides coverage for damage caused by hail, during the Policy Period, to the covered Property.

**RESPONSE:**

11. Admit that Plaintiff(s) submitted a claim (Claim No.: 2017-420001557) to Defendant Ocean Harbor for damage to the covered Property caused by wind.

**RESPONSE:**

12. Admit that Defendant Ocean Harbor, either itself or through a third-party, investigated Claim No. 2017-420001557.

**RESPONSE:**

13. Admit that as part of its investigation of Claim No. 2017-420001557, Defendant Ocean Harbor, either itself or through a third-party, assigned a Date of Loss to the underlying event for which Plaintiff(s) sought coverage.

**RESPONSE:**

14. Admit that The Date of Loss assigned to Claim No. 2017-420001557 occurred during the Policy Period of Insurance Policy (Policy No.: SWM-300316-07).

**RESPONSE:**

15. Admit that Under the terms of the Insurance Policy (Policy No.: SWM-300316-07), in order for Plaintiff(s) to be entitled to receive monetary Policy Benefits, there must be a covered loss that exceeds the amount of Plaintiff(s)' Deductible.

**RESPONSE:**

16. Admit that During its investigation of Claim No. 2017-420001557, and prior to the date it first anticipated litigation, Defendant Ocean Harbor determined that Plaintiff(s) were not entitled to monetary Policy Benefits for this claim.

**RESPONSE:**

17. Admit that During its investigation of Claim No. 2017-420001557, and prior to the date it first anticipated litigation, Ocean Harbor determined that Plaintiff(s) were entitled to monetary Policy Benefits for this claim.

**RESPONSE:**

18. Admit that Prior to the date it first anticipated litigation, Ocean Harbor denied coverage for Claim No.: 2017-420001557.

**RESPONSE:**

19. Admit that Prior to the date it first anticipated litigation, Ocean Harbor accepted coverage for Claim No.: 2017-420001557.

**RESPONSE:**

20. Admit that Prior to the date it first anticipated litigation, Defendant Ocean Harbor communicated to Plaintiff(s) its determination that Plaintiff(s) were not entitled to monetary Policy Benefits for Claim No. 2017-420001557.

**RESPONSE:**

21. Admit that Prior to the date it first anticipated litigation, Defendant Ocean Harbor communicated to Plaintiff(s) its determination that Plaintiff(s) were entitled to monetary Policy Benefits for Claim No. 2017-420001557.

**RESPONSE:**

22. Admit that Prior to the date it first anticipated litigation, Defendant Ocean Harbor provided monetary Policy Benefits to Plaintiff(s) for Claim No. 2017-420001557.

**RESPONSE:**

23. Admit that Prior to the date it first anticipated litigation, Defendant Ocean Harbor did not provide monetary Policy Benefits to Plaintiff(s) for Claim No. 2017-420001557.

**RESPONSE:**

# EXHIBIT C-1

CAUSE NO. ___ _____

| | | |
|---|---|---|
| **ERNEST ZARATE AND SANDRA ARRAMBIDE** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | **REFUGIO COUNTY, TEXAS** |
| **SPECIALTY INSURANCE SERVICES COPORATION, OCEAN HARBOR CASUALTY INSURANCE COMPANY, CHRISTY MILAM, AND ROBERT R. GRACIA, JR.** | § § § § § § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

### ERNEST ZARATE'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY

COMES NOW Ernest Zarate, in the above-styled and numbered cause, and requests that Defendant Ocean Harbor: (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) serve your answers to these Interrogatories through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a.　　You know the response made was incorrect or incomplete when made; or

b.　　You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**

**BY:**   */s/ Andrew C. Cook*
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas  77074
Tel. (713) 401-2890
Fax: (682) 200-2849
efile@texinsurancelaw.com

**AND:**

Sean H. McCarthy
State Bar No. 24065706
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas  77017
Tel. (713) 230-2200
Fax (713) 643-6226
smccarthy@whlaw.com

**<u>ATTORNEYS FOR PLAINTIFFS</u>**

## PLAINTIFF ERNEST ZARATE'S FIRST SET OF INTERROGATORIES TO DEFENDANT OCEAN HARBOR INSURANCE COMPANY

1.    Identify all persons and entities involved, associated, or in any way related to the investigation or adjustment of 2017-420001557.

**ANSWER:**

2.    Identify all persons involved in any coverage decisions with respect to <u>2017-420001557</u>.

**ANSWER:**

3.    Please identify all evidence that may be used to impeach, by proof of final conviction, any witness, including Plaintiff, by stating the following identifying information pursuant to Rule 609 of the Texas Rules of Evidence:

      a.   The name of the accused;

      b.   The charged offense;

      c.   Whether the crime was a felony or involved moral turpitude;

      d.   The date of final conviction; and

      e.   The style, case number, and county of the proceeding.

**ANSWER:**

4.    Pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, identify any documents that have been withheld from discovery by this Defendant, based on a claim of privilege either in response to a Request for Disclosure or a Request for Production.

**ANSWER:**

5.    Identify any and all rebuttal or impeaching witnesses who may be called to testify at trial.

**ANSWER:**

6.    Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*. Please state the basis of your contention that they are not qualified.

**ANSWER:**

7.    If you contend that any opinion rendered by any expert identified by Plaintiff is not "reliable" within the meaning of *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*, please state the basis of your contention.

**ANSWER:**

8.    If you, a named Defendant in this lawsuit, have been convicted of a felony or other crime involving moral turpitude, identify the nature of the offense and the date and place of such conviction.

**ANSWER:**

9.    State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060.

**ANSWER:**

10.   State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055.

**ANSWER:**

11.   State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056.

**ANSWER:**

12.   State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058

**ANSWER:**

13.   Identify by name, address, and telephone number any expert witness who is not expected to be called as a witness, but whose work product was reviewed by or forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**ANSWER:**

14.   For each consulting expert whose work product has been reviewed or relied upon by a testifying expert, please state:

   a.   The number of times that expert has been retained by a defendant in any case;
   b.   The number of times that expert has been retained by a plaintiff in any case;
   c.   The number of times that expert has been retained by the attorney representing Defendant in this suit;
   d.   The number of times that expert has been retained by the law firm representing Defendant in this suit; and
   e.   The amount of compensation received or to be received in this case.

**ANSWER:**

15.   Identify the location where Defendant keeps, stores, or maintains any Texas Department of Insurance bulletin, communication, or document that explains, addresses, or relates to the proper application of overhead and profit to homeowners' property damage claims.

**ANSWER:**

16.   Identify the location where Defendant keeps, stores, or maintains any Texas Department of Insurance bulletin, communication, or document that explains, addresses, or relates to the proper application of depreciation to homeowners' property damage claims.

**ANSWER:**

# **EXHIBIT C-2**

CAUSE NO. _____

| | | |
|---|---|---|
| **ERNEST ZARATE AND SANDRA** | § | **IN THE DISTRICT COURT OF** |
| **ARRAMBIDE** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **REFUGIO COUNTY, TEXAS** |
| | § | |
| **SPECIALTY INSURANCE SERVICES** | § | |
| **COPORATION, OCEAN HARBOR** | § | |
| **CASUALTY INSURANCE COMPANY,** | § | |
| **CHRISTY MILAM, AND ROBERT R.** | § | |
| **GRACIA, JR.** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## ERNEST ZARATE'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT SPECIALTY INSURANCE SERVICES CORPORATION

COMES NOW Ernest Zarate, in the above-styled and numbered cause, and requests that Defendant Specialty Insurance: (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) serve your answers to these Interrogatories through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

    a.      You know the response made was incorrect or incomplete when made; or

    b.      You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**

**BY:**   */s/ Andrew C. Cook*
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas  77074
Tel. (713) 401-2890
Fax: (682) 200-2849
efile@texinsurancelaw.com

**AND:**

Sean H. McCarthy
State Bar No. 24065706
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas  77017
Tel. (713) 230-2200
Fax (713) 643-6226
smccarthy@whlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**PLAINTIFF ERNEST ZARATE'S FIRST SET OF INTERROGATORIES TO
DEFENDANT SPECIALTY INSURANCE SERVICES CORPORATION**

1.  Identify all persons and entities involved, associated, or in any way related to the investigation or adjustment of 2017-420001557.

**ANSWER:**

2.  Identify all persons involved in any coverage decisions with respect to <u>2017-420001557.</u>

**ANSWER:**

3.  Please identify all evidence that may be used to impeach, by proof of final conviction, any witness, including Plaintiff, by stating the following identifying information pursuant to Rule 609 of the Texas Rules of Evidence:

    a.  The name of the accused;

    b.  The charged offense;

    c.  Whether the crime was a felony or involved moral turpitude;

    d.  The date of final conviction; and

    e.  The style, case number, and county of the proceeding.

**ANSWER:**

4.  Pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, identify any documents that have been withheld from discovery by this Defendant, based on a claim of privilege either in response to a Request for Disclosure or a Request for Production.

**ANSWER:**

5.  Identify any and all rebuttal or impeaching witnesses who may be called to testify at trial.

**ANSWER:**

6.  Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*. Please state the basis of your contention that they are not qualified.

**ANSWER:**

7.   If you contend that any opinion rendered by any expert identified by Plaintiff is not "reliable" within the meaning of *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*, please state the basis of your contention.

**ANSWER:**

8.   If you, a named Defendant in this lawsuit, have been convicted of a felony or other crime involving moral turpitude, identify the nature of the offense and the date and place of such conviction.

**ANSWER:**

9.   State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060.

**ANSWER:**

10.   State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055.

**ANSWER:**

11.   State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056.

**ANSWER:**

12.   State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058

**ANSWER:**

13.     Identify by name, address, and telephone number any expert witness who is not expected to be called as a witness, but whose work product was reviewed by or forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**ANSWER:**

14.     For each consulting expert whose work product has been reviewed or relied upon by a testifying expert, please state:

    a.   The number of times that expert has been retained by a defendant in any case;
    b.   The number of times that expert has been retained by a plaintiff in any case;
    c.   The number of times that expert has been retained by the attorney representing Defendant in this suit;
    d.   The number of times that expert has been retained by the law firm representing Defendant in this suit; and
    e.   The amount of compensation received or to be received in this case.

**ANSWER:**

15.     Identify the location where Defendant keeps, stores, or maintains any Texas Department of Insurance bulletin, communication, or document that explains, addresses, or relates to the proper application of overhead and profit to homeowners' property damage claims.

**ANSWER:**

16.     Identify the location where Defendant keeps, stores, or maintains any Texas Department of Insurance bulletin, communication, or document that explains, addresses, or relates to the proper application of depreciation to homeowners' property damage claims.

**ANSWER:**

# EXHIBIT C-3

**CAUSE NO. _____**

| | | |
|---|---|---|
| **ERNEST ZARATE AND SANDRA ARRAMBIDE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **REFUGIO COUNTY, TEXAS** |
| | § | |
| **SPECIALTY INSURANCE SERVICES** | § | |
| **COPORATION, OCEAN HARBOR** | § | |
| **CASUALTY INSURANCE COMPANY,** | § | |
| **CHRISTY MILAM, AND ROBERT R.** | § | |
| **GRACIA, JR.** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## ERNEST ZARATE'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT CHRISTY MILAM

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that Christy Milam:

(1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service;

(2) serve your answers to these Interrogatories through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**

**BY:**   */s/ Andrew C. Cook*
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas 77074
Tel. (713) 401-2890
Fax: (682) 200-2849
efile@texinsurancelaw.com

**AND:**

Sean H. McCarthy
State Bar No. 24065706
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Tel. (713) 230-2200
Fax (713) 643-6226
smccarthy@whlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**PLAINTIFF ERNEST ZARATE'S FIRST SET OF**
**INTERROGATORIES TO DEFENDANT CHRISTY MILAM**

1.  Identify all persons and entities involved, associated, or in any way related to the investigation or adjustment of 2017-420001557.

**ANSWER:**

2.  Identify all persons involved in any coverage decisions with respect to 2017-420001557.

**ANSWER:**

3.  Please identify all evidence that may be used to impeach, by proof of final conviction, any witness, including Plaintiff, by stating the following identifying information pursuant to Rule 609 of the Texas Rules of Evidence:

     a.  The name of the accused;

     b.  The charged offense;

     c.  Whether the crime was a felony or involved moral turpitude;

     d.  The date of final conviction; and

     e.  The style, case number, and county of the proceeding.

**ANSWER:**

4.  Pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, identify any documents that have been withheld from discovery by this Defendant, based on a claim of privilege either in response to a Request for Disclosure or a Request for Production.

**ANSWER:**

5.  Identify any and all rebuttal or impeaching witnesses who may be called to testify at trial.

**ANSWER:**

6.  Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*. Please state the basis of your contention that they are not qualified.

**ANSWER:**

7.  If you contend that any opinion rendered by any expert identified by Plaintiff is not "reliable" within the meaning of *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549

(Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*, please state the basis of your contention.

**ANSWER:**

8.    If you or any individual adjuster or claims handler that was assigned by a named Defendant in this lawsuit to adjust or handle the claim made basis of this lawsuit have been convicted of a felony or other crime involving moral turpitude, identify the nature of the offense and the date and place of such conviction.

**ANSWER:**

9.    State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060.

**ANSWER:**

10.    Identify by name, address, and telephone number any expert witness who is not expected to be called as a witness, but whose work product forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**ANSWER:**

11.    For each consulting expert whose work product has been reviewed or relied upon by a testifying expert, please state:

    a.   The number of times that expert has been retained by a defendant in any case;
    b.   The number of times that expert has been retained by a plaintiff in any case;
    c.   The number of times that expert has been retained by the attorney representing Defendant in this suit;
    d.   The number of times that expert has been retained by the law firm representing Defendant in this suit; and
    e.   The amount of compensation received or to be received in this case.

**ANSWER:**

# **EXHIBIT C-4**

CAUSE NO. _____

| | | |
|---|---|---|
| **ERNEST ZARATE AND SANDRA** | § | **IN THE DISTRICT COURT OF** |
| **ARRAMBIDE** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **REFUGIO COUNTY, TEXAS** |
| | § | |
| **SPECIALTY INSURANCE SERVICES** | § | |
| **COPORATION, OCEAN HARBOR** | § | |
| **CASUALTY INSURANCE COMPANY,** | § | |
| **CHRISTY MILAM, AND ROBERT R.** | § | |
| **GRACIA, JR.** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF ERNEST ZARATE'S FIRST SET OF
### INTERROGATORIES TO DEFENDANT ROBERT GRACIA JR.

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that Robert Gracia Jr.: (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) serve your answers to these Interrogatories on Plaintiff through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**


**BY:**    */s/ Andrew C. Cook*
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas  77074
Tel. (713) 401-2890
Fax: (682) 200-2849
efile@texinsurancelaw.com

**AND:**

Sean H. McCarthy
State Bar No. 24065706
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas  77017
Tel. (713) 230-2200
Fax (713) 643-6226
smccarthy@whlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**PLAINTIFF ERNEST ZARATE'S FIRST SET OF**
**INTERROGATORIES TO DEFENDANT ROBERT GRACIA JR.**

1.   Identify all persons and entities involved, associated, or in any way related to the investigation or adjustment of 2017-420001557.

**ANSWER:**

2.   Identify all persons involved in any coverage decisions with respect to 2017-420001557.

**ANSWER:**

3.   Please identify all evidence that may be used to impeach, by proof of final conviction, any witness, including Plaintiff, by stating the following identifying information pursuant to Rule 609 of the Texas Rules of Evidence:

   a.   The name of the accused;

   b.   The charged offense;

   c.   Whether the crime was a felony or involved moral turpitude;

   d.   The date of final conviction; and

   e.   The style, case number, and county of the proceeding.

**ANSWER:**

4.   Pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, identify any documents that have been withheld from discovery by this Defendant, based on a claim of privilege either in response to a Request for Disclosure or a Request for Production.

**ANSWER:**

5.   Identify any and all rebuttal or impeaching witnesses who may be called to testify at trial.

**ANSWER:**

6.   Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*. Please state the basis of your contention that they are not qualified.

**ANSWER:**

7.   If you contend that any opinion rendered by any expert identified by Plaintiff is not "reliable" within the meaning of *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549

(Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*, please state the basis of your contention.

**ANSWER:**

8.   If you or any individual adjuster or claims handler that was assigned by a named Defendant in this lawsuit to adjust or handle the claim made basis of this lawsuit have been convicted of a felony or other crime involving moral turpitude, identify the nature of the offense and the date and place of such conviction.

**ANSWER:**

9.   State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060.

**ANSWER:**

10.   Identify by name, address, and telephone number any expert witness who is not expected to be called as a witness, but whose work product forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**ANSWER:**

11.   For each consulting expert whose work product has been reviewed or relied upon by a testifying expert, please state:

   a.   The number of times that expert has been retained by a defendant in any case;
   b.   The number of times that expert has been retained by a plaintiff in any case;
   c.   The number of times that expert has been retained by the attorney representing Defendant in this suit;
   d.   The number of times that expert has been retained by the law firm representing Defendant in this suit; and
   e.   The amount of compensation received or to be received in this case.

**ANSWER:**

**;T  Packing Slip**

**CT Corporation**

| | |
|---|---|
| **UPS Tracking # :** | 1ZX212780107716708 |
| **Created By :** | Ankita NLN |
| **Created On :** | 11/16/2019 02:15 AM |

NOV 2 0 2019

**Recipient :**

| | |
|---|---|
| **Donna Erickson** | |
| Title : | – |
| Customer : | Ocean Harbor Casualty Insurance Company |
| Address : | 2549 Barrington Circle |
| Email : | derickson@oceanharbor-ins.com |
| Phone : | 212-868-2950 Ext. 226      Fax :    212-868-3216 |

| | |
|---|---|
| **Package Type :** | Envelope |
| **Items shipped :** | 1 |

| Log # | Case # | Entity Name |
|---|---|---|
| 536642495 | 20191013018 | Ocean Harbor Casualty Insurance Company |

 CT Corporation

**Service of Process Transmittal**
11/15/2019
CT Log Number 536642495

| | |
|---|---|
| **TO:** | Donna Erickson<br>Ocean Harbor Casualty Insurance Company<br>2549 Barrington Circle<br>Tallahassee, FL 32308 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Ocean Harbor Casualty Insurance Company  (Domestic State: FL) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ERNEST ZARATE AND SANDRA ARRAMBIDE, PLTFS. vs. SPECIALTY INSURANCE SERVICES COPORATION, ET AL., DFTS. // TO: OCEAN HARBOR CASUALTY INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Notice, Citation, Petition, Exhibit(s) |
| **COURT/AGENCY:** | 267th Judicial District Court Refugio County, TX<br>Case # 20191013018 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/15/2019 at 13:51 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Andrew C. Cook<br>The Cook Law Firm, PLLC<br>7324 Southwest Freeway, Suite 585<br>Houston, TX 77074<br>713-401-2890 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780107716708 |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>8020 Excelsior Dr Ste 200<br>Madison, WI 53717-1998 |
| **For Questions:** | 877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

Page 1 of  1 / AN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CITATION BY PERSONAL SERVICE - DISTRICT CLERK

NOV 2 0 2019

## THE STATE OF TEXAS



## COUNTY OF REFUGIO

**TO: C T CORPORATIONS SYSTEM, OCEAN HARBOR CASUALTY
INSURANCE COMPANY, 350 NORTH ST. PAUL ST., DALLAS TX 75201.**

**Defendant, Greeting:**

You are hereby commanded to appear before the Honorable District Court, **267th**
Judicial District of Refugio County, Texas, at the Courthouse in Refugio, Texas, by filing
a written answer, at or before 10:00 o'clock A.M. of the Monday next after the expiration
of twenty days from the date of service of this citation, to **PLAINTIFFS' ORIGINAL
PETITION**, filed in said Court the **25TH** day of **OCTOBER, A. D., 2019** in the cause
numbered, **2019-10-13018**, on the docket of said court and styled,

**ERNEST ZARATE AND SANDRA ARRAMBIDE
VS.
SPECIALTY INSURANCE SERVICES COPORATION,
OCEAN HARBOR CASUALTY INSURANCE COMPANY
CHRISTY MILAM, AND ROBERT R. GRACIA, JR.**

The nature of **PLAINTIFFS** demand is fully shown by a true and correct copy of
**PLAINTIFFS' ORIGINAL PETITION**, accompanying this citation, and made a part
hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates hereof, and make the return as the law directs.

Issued and given under my hand and the Seal of said Court at Refugio, Texas, this
the **28TH** day of **October A.D. 2019**.

**ATTORNEY**
**Mr. Andrew C. Cook**
**Attorney at Law**
**7324 Southwest Freeway, Suite 585**
**Houston, Texas 77074**

**RUBY GARCIA, District Clerk**
**267th District Court**
**Refugio, County, Texas**
**P. O. Box 736**
**Refugio, TX 78377**

By: _____ Deputy

IMPORTANT NOTICE
YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH
THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS
AFTER YOU WERE SERVED THIS CITATION AND PETITION, DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

## RETURN TO COURT

NOV 2 0 2019

Cause No. 2019-10-13018

=======================================================================

CITATION FOR PERSONAL SERVICE

=======================================================================

**ERNEST ZARATE, ET AL**
**VS.**
**SPECIALTY INSURANCE SERCIVES COPORATION, ET AL**

=======================================================================

In the **267th** District Court
of Refugio County, Texas

=======================================================================

**Issued October 28, 2019**
**RUBY GARCIA, District Clerk**
**267th District Court, Refugio County, Texas**

By: _Mary Fry_ , Deputy

=======================================================================

**RETURN**

Came to hand on the _____ day of _____ A.D. 20___ at ____ o'clock ___M, Executed at _____, in the County of _____, State of _____ at ____ o'clock _____ on the _____ day of _____ 20___, by delivering to the within named _____

_____

_____

**Each in person, a true copy of this Citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery, and the distance actually traveled by me in serving such process was _____ miles.  I am an adult and in no manner interested in this suit.**

**FEES:** Serving   cop.        $
         Mileage   miles    $ _____
         Notary Fee        $             **Sheriff/Constable**
                                  _____ County _____
      **TOTAL**        $ _____        By_____ Deputy

**NOTE:** Must be verified if served outside the State of Texas.

Signed and sworn to by the said _____
Before me this ____ day of _____, 20__, to certify which witness my hand and seal of office.

                Notary Public, _____ County, _____

                _____

CAUSE NO. _____

| | | |
|---|---|---|
| **ERNEST ZARATE AND SANDRA ARRAMBIDE** | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | REFUGIO COUNTY, TEXAS |
| | § | |
| **SPECIALTY INSURANCE SERVICES COPORATION, OCEAN HARBOR CASUALTY INSURANCE COMPANY, CHRISTY MILAM, AND ROBERT R. GRACIA, JR.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Ernest Zarate and Sandra Arrambide, file this Plaintiffs' Original Petition against Defendants, Ocean Harbor Casualty Insurance Company, Specialty Insurance Services Corporation, Christy Milam, and Robert R. Gracia, Jr., and for cause of action, would respectfully show:

### I. DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party homeowners' insurance claim arising out of Plaintiffs' covered property damages caused by Hurricane Harvey. This dispute involves complex legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will require extensive and detailed discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiffs' claim, as well as the systematic approach by Specialty Insurance Services Corporation, Ocean Harbor Casualty Insurance Company and their  Adjusters to the handling of catastrophic loss property damage

claims arising from Hurricane Harvey. Plaintiffs therefore respectfully ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## II. Parties

2.      Plaintiffs, Ernest Zarate and Sandra Arrambide, are Texas residents who reside in Refugio County, Texas.

3.      Defendant, Ocean Harbor Casualty Insurance Company ("Ocean Harbor") is a Foreign insurance company authorized to engage in the business of insurance in the State of Texas. Ocean Harbor may be served with process through its registered agent, C T Corporation System, via certified mail, return receipt requested, at 350 North St. Paul St., Dallas, TX 75201.

4.      Defendant, Specialty Insurance Services Corporation ("Specialty Insurance") is a third-party adjusting company authorized to engage in the business of adjusting claims in the State of Texas. Specialty Insurance may be served with process through its registered agent, Registered Agent Solutions Inc., via certified mail, return receipt requested, at 1701 Directors Blvd, Suite 300 Austin, TX 78744.

5.      Defendant, Christy Milam, is an individual licensed adjuster, who has done business in the State of Texas. Ms. Milam may be served with process by certified mail, return receipt requested, at her principal place of business located at: 1283 Klopfer Rd. Juliette, GA 31046.

6.      Defendant, Robert R. Gracia Jr., is an individual licensed adjuster, who has done business in the State of Texas. Mr. Gracia may be served with process by certified mail, return receipt requested, at his principal place of business located at: 5310 Harvest Hill Rd., Suite 180 Ft. Worth, TX 76102.

### III.   JURISDICTION AND VENUE

7.      This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seek monetary relief in excess of $100,000.00 and less than $200,000.00.

8.      This Court has personal jurisdiction over Ocean Harbor because Ocean Harbor is an insurance company authorized to do business in Texas and Plaintiffs' causes of action arise out of Ocean Harbor's business activities in this State.

9.      This Court has personal Jurisdiction over Specialty Insurance because Specialty Insurance is a company authorized to do business in Texas and Plaintiffs' causes of action arise out of Specialty Insurance's business activities in this State.

10.     This Court has personal jurisdiction over Christy Milam because Ms. Milam engages in the business of adjusting insurance claims in the State of Texas and Plaintiffs' causes of action arise out of her business activities in this State.

11.     This Court has personal jurisdiction over Robert Gracia because Mr. Gracia engages in the business of adjusting insurance claims in the State of Texas and Plaintiffs' causes of action arise of his business activities in this State.

12.     Venue is proper in Refugio County because the insured property is located in Refugio County and all or a substantial part of the events giving rise to this lawsuit occurred in Refugio County. TEX. CIV. PRAC. & REM. CODE § 15.032.

NOV 2 0 2019

## IV. Facts

13.     Plaintiffs own the residential property at 216 Bissett Tivoli, Refugio County Texas (the "Property"). Ocean Harbor sold, and Plaintiffs paid for, a Texas insurance Policy (SWM-300316-07) to protect and insure their home.

14.     From August 25th through September 1, 2017, Hurricane Harvey swept across the Texas coastal region, causing widespread destruction and devastation. During this time, Hurricane Harvey caused widespread destruction throughout Refugio County and to Plaintiffs' Property, specifically.

15.     Following Hurricane Harvey, Plaintiffs promptly and timely reported their Property damage to Ocean Harbor. Plaintiffs asked Ocean Harbor to cover the cost of covered repairs required to return the Property to its pre-loss condition. Ocean Harbor, in turn, acknowledged the Claim, assigning it Claim No.2017-420001557. Plaintiffs are entitled to these benefits under the Policy because all the damage to the Property that is noted and described herein, was covered under the express terms of the Policy.

16.     Ocean Harbor assigned Specialty Insurance Services Company to manage and coordinate the adjustment of Plaintiffs' Claim.

17.     Specialty Insurance Services Company then assigned two individual adjusters, Christy Milam and Robert Gracia, to investigate and adjust the Claim.

18.     Christy Milam and Robert Gracia, however, failed to perform a reasonable or adequate investigation of Plaintiffs' Claim. In doing so, both adjusters either completely missed or simply ignored damages that were present at the time of their inspections and which were present at the times of their inspections, all of which were caused by Hurricane Harvey's devastating winds.

19.    The inadequacy of defendants' investigation and adjustment of Plaintiffs' Claim is evidenced by the fact that no defendant adjusted for, nor seemed even to grasp, the full scope of Plaintiffs' roof damage and neglected to address, or even note, the covered damage to every single room throughout the interior of their home. Plaintiffs' Property sustained extensive wind damage to its entire roof surface as well as to its exterior cladding and structural components. Evidence of massive wind damage to the Property is readily apparent from even a casual view. The massive amount of exterior damage allowed water to penetrate the Property's envelope in multiple locations and resulted directly in the substantial interior damage to Plaintiffs' home, which damage the defendant adjusters also failed to investigate or document properly or sufficiently.

20.    The adjusters' estimates—though ratified and adopted by Ocean Harbor—were contradictory to Ocean Harbor's actions. Ocean Harbor, by its partial payments, represented that the home was not a total loss. However, because the Property was effectively destroyed, Ocean Harbor paid the Plaintiffs ALE until May of 2018, until it arbitrarily and without basis in the policy or facts stopped issuing those payments despite the fact the home remained uninhabitable. [1]

21.    Defendants set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiffs' Claim for covered damages. At minimum, Ocean Harbor ratified the adjusters' unreasonable and improper investigation of the Claim, resulting in Plaintiffs' Claim effectively being denied in part as well as undervalued and underpaid.

22.    Plaintiffs have suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein. In short, Plaintiffs have yet to receive

---

[1]    Ocean Harbor improperly listed the mortgage company as a co-payee on all claim payments to its insureds, even those ALE ("Additional Living Expense") payments, which resulted in Plaintiffs having been unable to negotiate even these payments to date.

Page **5** of 22

the full amount of payment to which they are entitled under the Policy because the Claim was unreasonably investigated and, in turn, improperly adjusted.

23.     To date, Ocean Harbor continues to delay in the payment for the damages to the property.  As such, Plaintiffs have not been paid in full for the damages to their property.

24.     Defendant Ocean Harbor failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Ocean Harbor's conduct constitutes a breach of the insurance contract between Ocean Harbor and Plaintiffs.

25.     Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

26.     Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

27.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs'

claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

28.  Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

29.  Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

30.  Defendant Ocean Harbor failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Ocean Harbor's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

31.  Defendant Ocean Harbor failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Ocean Harbor's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

32.      Defendant Ocean Harbor failed to meet its obligations under the Texas Insurance
Code regarding payment of claim without delay.  Specifically, it has delayed full payment of
Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for
their claim.  Ocean Harbor's conduct constitutes a violation of the Texas Insurance Code, Prompt
Payment of Claims.  TEX. INS. CODE §542.058.

33.      From and after the time Plaintiffs' claim was presented to Defendant Ocean Harbor,
the liability of Ocean Harbor to pay the full claim in accordance with the terms of the Policy was
reasonably clear.  However, Ocean Harbor has refused to pay Plaintiffs in full, despite there being
no basis whatsoever on which a reasonable insurance company would have relied to deny the full
payment.  Ocean Harbor's conduct constitutes a breach of the common law duty of good faith and
fair dealing.

34.      Defendants Ocean Harbor, Specialty Insurance, Christy Milam, and Robert Gracia
knowingly or recklessly made false representations, as described above, as to material facts and/or
knowingly concealed all or part of material information from Plaintiffs.

35.      As a result of Defendants Ocean Harbor's, Specialty Insurance's, Christy Milam's,
and Robert Gracia's wrongful acts and omissions, Plaintiffs were forced to retain the professional
services of the attorneys and law firms who are representing it with respect to these causes of
action.

36.      Plaintiffs' experience is not an isolated case.  The acts and omissions Ocean Harbor
committed in this case, or similar acts and omissions, occur with such frequency that they
constitute a general business practice of Ocean Harbor with regard to handling these types of
claims. Ocean Harbor's entire process is unfairly designed to reach favorable outcomes for the
company at the expense of the policyholders.

NOV 2 0 2019

## V. CAUSES OF ACTION

### CAUSES OF ACTION AGAINST CHRISTY MILAM
### TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

37.     Ms. Milam's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

38.     Ms. Milam is individually liable for her unfair and deceptive acts because she is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Ocean Harbor's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

39.     Ms. Milam's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

40.     Ms. Milam's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

41.     The unfair settlement practice of Ms. Milam, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

42.     Ms. Milam's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

43.     Ms. Milam's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ROBERT GRACIA
### TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

44.     Mr. Gracia's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES.  TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

45.     Mr. Gracia is individually liable for his unfair and deceptive acts because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Ocean Harbor's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors,*

NOV 2 0 2019

*Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

46.     Mr. Gracia's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

47.     Mr. Gracia's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

48.     The unfair settlement practice of Mr. Gracia, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

49.     Mr. Gracia's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

50.     Mr. Gracia's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of

NOV 2 0 2019

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST SPECIALTY INSURANCE
### TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

51.     Specialty Insurance's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

52.     Specialty Insurance is individually liable for its unfair and deceptive acts because it is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Ocean Harbor's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

53.     Specialty Insurance's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

54.     Specialty Insurance's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition

NOV 2 0 2019

and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

55.     The unfair settlement practice of Specialty Insurance, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

56.     Specialty insurance's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

Specialty Insurance's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

<u>CAUSES OF ACTION AGAINST OCEAN HARBOR, ONLY</u>

<u>BREACH OF CONTRACT</u>

57.     An insurance policy is a contract under Texas law. Ocean Harbor failed to perform its contractual duties to adequately compensate Plaintiffs in accordance to the terms of the Policy that they wrote and sold to Plaintiffs. Specifically, Ocean Harbor refused to pay the full amount of benefits owed under the Policy, although due demand was made, and all conditions precedent to recovery under the Policy had been performed and accomplished by Plaintiffs or waived by Ocean

NOV 2 0 2019

Harbor. Ocean Harbor's conduct constitutes a breach of the insurance contract between Ocean Harbor and Plaintiffs.

## NON-COMPLIANCE BY OCEAN HARBOR WITH THE TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

58.     Ocean Harbor's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

59.     Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Ocean Harbor's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating—by way of the estimate—the Plaintiffs' damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiffs' damages; (3) using the Adjuster's statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiffs in fact received.

60.     Ocean Harbor's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

61.     Ocean Harbor's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an

NOV 2 0 2019

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

62.   Ocean Harbor failed to explain to Plaintiffs the reasons for its decision not to include all covered damages in its evaluation and/or payment(s) on the Claim.  Furthermore, Ocean Harbor did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiffs' loss, nor did it provide any explanation for its refusal to adequately settle Plaintiffs' Claim.  Ocean Harbor's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES.  TEX. INS. CODE §541.060(a)(3).

63.   Although promptly reported by Plaintiffs Ocean Harbor, Ocean Harbor did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' damages, both exterior and interior. Ocean Harbor's unfair settlement practice, as described above, of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### NON-COMPLIANCE BY OCEAN HARBOR WITH THE TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT

64.   Ocean Harbor's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

65.   Ocean Harbor's failure—and on-going refusal—to remit full payment of the amounts owed on Plaintiffs' Claim following its receipt of all items, statements, and forms reasonably requested and required by it, from its insureds, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

66.     Ocean Harbor's conduct constitutes a breach of the common law duty of good faith and fair dealing that Ocean Harbor, as an insurer in the State of Texas, owes to its insureds on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

67.     Ocean Harbor's failure, as described above, to adequately and reasonably investigate and adjust Plaintiffs' Claim, despite the fact that at the very same time, Ocean Harbor knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of Ocean Harbor's duty of good faith and fair dealing to Plaintiffs, which is both non-delegable and continues to exist until such time as the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

68.     Defendants are liable to Plaintiffs for common law fraud.

69.     Each and every one of the representations, as described above concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Ocean Harbor, Specialty Insurance, Christy Milam, and Robert Gracia knew were false or made recklessly without any knowledge of their truth as a positive assertion.

70.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

NOV 2 0 2019

### CONSPIRACY TO COMMIT FRAUD

71.     Defendants Ocean Harbor, Specialty Insurance, Christy Milam, and Robert Gracia are liable to Plaintiffs for conspiracy to commit fraud. Defendants Ocean Harbor, Specialty Insurance, Christy Milam, and Robert Gracia were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Ocean Harbor, Specialty Insurance, Christy Milam, and Robert Gracia committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## VI.   KNOWLEDGE

72.     All of the acts described above, together and singularly, were committed "knowingly" as that term is used in the TEXAS INSURANCE CODE and were a producing cause of Plaintiffs' damages described herein.

## VII.   CONDITIONS PRECEDENT

73.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred and/or Ocean Harbor waived the same. This includes, but is not limited to, providing notice pursuant to TEX. INS. CODE §542A.003 and pre-litigation alternative dispute resolution, if any. Plaintiffs plead, would show, and does aver that—to the extent any Defendant or Defendants might allege that Plaintiffs' presuit Notice fails, was invalid, or failed to conform strictly with the timeline required by §542A.003(a)—Plaintiffs' presuit notice and the filing of this lawsuit fall within the savings clause of §542A.003(d)(1).

NOV 2 0 2019

## VIII.   DAMAGES

74.     Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

75.     As previously mentioned, Plaintiffs' covered losses have not been properly addressed or paid, which has prevented Plaintiffs from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiffs. These damages and losses are a direct result of Defendants' mishandling of Plaintiffs' Claim in violation of the terms of the Policy at issue and of the laws set forth above.

76.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain with respect to their purchase of the Policy, which is the amount of their Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

77.     For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiffs are entitled to actual damages, which include the amount of monetary benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorneys' fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiffs are entitled to, and hereby, seek recovery of three times their actual damages. TEX. INS. CODE §541.152.

78.     For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiffs are entitled to interest on the amount of the Claim as damages at the applicable rate as determined under TEX. INS. CODE §542.060(a), §542.060(c), and TEX. FIN. CODE §304.003, together with reasonable and necessary attorneys' fees, which shall be taxed as part of the costs in the case.

79.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Ocean Harbor's breach of its Duty, such as additional costs, economic hardship, additional losses resulting from nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

80.     For the prosecution and collection of this Claim, Plaintiffs have been compelled to engage the services of the attorney and law firm whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

### IX.     JURY DEMAND

81.     Plaintiffs request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Refugio County, Texas.

### X.     DISCOVERY REQUESTS TO ALL DEFENDANTS

### REQUEST FOR DISCLOSURE

82.     Pursuant to Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

### REQUEST FOR PRODUCTION

83.     Plaintiffs' First Request for Production to Defendant Ocean Harbor is attached hereto as "Exhibit A-1". Defendant Ocean Harbor is required to provide, within 50 days of service of same, its verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

84.     Plaintiffs' First Request for Production to Defendant Specialty Insurance is attached hereto as "Exhibit A-2". Defendant Specialty Insurance is required to provide, within 50 days of service of same, its verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

### REQUEST FOR ADMISSION

85.     Plaintiffs' First Request for Admission to Defendant Ocean Harbor is attached hereto as "Exhibit B". Defendant Ocean Harbor is required to provide, within 50 days of service of same, its admissions or denials to these Requests to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

### INTERROGATORIES

86.     Plaintiff Ernest Zarate's First Set of Interrogatories to Defendant Ocean Harbor is attached hereto as Exhibit "C-1". Defendant Ocean Harbor is required to provide, within 50 days of service of same, its verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

87.     Plaintiff Ernest Zarate's First Set of Interrogatories to Defendant Specialty Insurance is attached hereto as Exhibit "C-2". Defendant Specialty Insurance is required to provide, within 50 days of service of same, his verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

88.     Plaintiff Ernest Zarate's First Set of Interrogatories to Defendant Christy Milam is attached hereto as Exhibit "C-3". Defendant Christy Milam is required to provide, within 50 days of service of same, his verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

89.     Plaintiff Ernest Zarate's First Set of Interrogatories to Defendant Robert Gracia is attached hereto as Exhibit "C-4". Defendant Robert Gracia is required to provide, within 50 days of service of same, his verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

## DESIGNATED E-SERVICE EMAIL ADDRESS

90.     The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to TEX. R. CIV. P. 21(f)(2) & 21(a). (efile@texinsurancelaw.com). This is the undersigned's **ONLY** electronic service email address, and service through any other email address will be considered invalid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and will recover such sums as would reasonably and justly compensate in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which they may show themselves to be justly entitled.

NOV 2 0 2019

Respectfully submitted,

THE COOK LAW FIRM, PLLC

**BY:**  */s/ Andrew C. Cook*
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas  77074
Tel. (713) 401-2890
Fax: (682) 200-2849
efile@texinsurancelaw.com

**AND:**

Sean H. McCarthy
State Bar No. 24065706
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas  77017
Tel. (713) 230-2200
Fax (713) 643-6226
smccarthy@whlaw.com

**ATTORNEYS FOR PLAINTIFFS**

NOV 2 0 2019

## ⚹ DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (efile@texinsurancelaw.com). This is the undersigned's **ONLY** electronic service email address, and service through any other email address will be considered invalid.

# **EXHIBIT A-1**

NOV 2 0 2019

CAUSE NO. _____

| | | |
|---|---|---|
| ERNEST ZARATE AND SANDRA ARRAMBIDE | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | REFUGIO COUNTY, TEXAS |
| SPECIALTY INSURANCE SERVICES COPORATION, OCEAN HARBOR CASUALTY INSURANCE COMPANY, CHRISTY MILAM, AND ROBERT R. GRACIA, JR. | § § § § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
## TO DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY

COME NOW Plaintiffs, in the above-styled and numbered cause, and request that Ocean Harbor:

(1) answer the Requests for Production separately and fully in writing within 50 days of service (2) serve your answers to these Requests for Production through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; and (3) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at THE COOK LAW FIRM, PLLC. You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

    a.      You know the response made was incorrect or incomplete when made; or

    b.      You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

NOV 2 0 2019

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**


BY:     /s/ Andrew C. Cook
        Andrew C. Cook
        State Bar No. 24057481
        7324 Southwest Freeway, Suite 585
        Houston, Texas  77074
        Tel. (713) 401-2890
        Fax: (682) 200-2849
        efile@texinsurancelaw.com

AND:

        Sean H. McCarthy
        State Bar No. 24065706
        WILLIAMS HART BOUNDAS EASTERBY, LLP
        8441 Gulf Freeway, Suite 600
        Houston, Texas  77017
        Tel. (713) 230-2200
        Fax (713) 643-6226
        smccarthy@whlaw.com

        **ATTORNEYS FOR PLAINTIFFS**

NOV 2 0 2019

## DEFINITIONS AND INSTRUCTIONS

A.    These Requests call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person). The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

C.    The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

D.    "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

E.    If you claim that any document which is required to be identified or produced by you in any response is privileged:

      1.    Identify the document's title and general subject matter;

      2.    State its date;

      3.    Identify all persons who participated in its preparation;

      4.    Identify the persons for whom it was prepared or to whom it was sent;

      5.    State the nature of the privilege claimed; and

      6.    State in detail each and every fact upon which you base your claim for privilege.

F.    "You," "Your," "Yours", "Defendant" and "Defendants" means all Defendants in this case.

G.    "Property" means the property defined in the Petition.

H.    "Policy" means the insurance policy identified in the Petition.

I.    The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

NOV 2 0 2019

J.      "Plaintiff" includes all Plaintiffs and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

NOV 2 0 2019

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY

1.     All communications and documents, including electronic, between Defendant and Plaintiffs regarding Plaintiffs' claim(s).

      RESPONSE:

2.     All communications and documents, including electronic, between Defendant and any third-party regarding Plaintiffs' claim(s).

      RESPONSE:

3.     All communications and documents, including electronic, between Defendant and any other defendant(s) regarding Plaintiffs' claim(s).

      RESPONSE:

4.     All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company, regarding Plaintiffs' claim(s).

      RESPONSE:

5.     All communications and documents, including electronic, Defendant sent to any other defendant(s) in this cause of action regarding Plaintiffs or the Property, after Plaintiffs made their claim(s) for coverage.

      RESPONSE:

6.     Color copies of all photographs, diagrams, drawings, or other graphic depictions of Plaintiffs or the Property made the basis of this Lawsuit.

      RESPONSE:

7.     Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries, regarding the insurance claim(s) made the basis of this lawsuit.

      RESPONSE:

8.     All reports and other documents from governmental agencies or offices regarding Plaintiffs' Property or containing officially kept information regarding Plaintiffs' Property.

      RESPONSE:

NOV 2 0 2019

9.   Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiffs under their homeowner insurance policy/policies, specifically regarding damage to the exterior and interior of Plaintiffs' Property. This request is limited to the last ten (10) years.

RESPONSE:

10.   All documents including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiffs' Property made the basis of this Lawsuit.

RESPONSE:

11.   Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiffs' Property made the basis of this Lawsuit.

RESPONSE:

12.   Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiffs' Property made the basis of this Lawsuit.

RESPONSE:

13.   All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, water damage, hail damage, roof damage, and/or wind damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

14.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims or avoiding charges of bad faith. This request is limited to the last five (5) years.

RESPONSE:

15.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060. This request is specifically limited to the last five (5) years.

RESPONSE:

NOV 2 0 2019

16.    All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 *et seq*.  This request is specifically limited to the last five (5) years.

RESPONSE:

17.    Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income.  This request is limited to the last five (5) years.

RESPONSE:

18.    Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insureds against Defendant regarding the handling, review and/or adjusting of homeowner insurance claims in Texas.  This request is limited to the last five (5) years.

RESPONSE:

19.    A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas.  This request is limited to the last five (5) years.

RESPONSE:

20.    Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, hail damage claims, roof damage claims, and/or wind damage claims in Texas.  This request is limited to the last five (5) years.

RESPONSE:

21.    Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiffs' claim(s).  This request is limited to the last five (5) years.

RESPONSE:

22.    Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas.  This request is limited to the last five (5) years.

RESPONSE:

23.   Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiffs' claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

RESPONSE:

24.   Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiffs' claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to the State of Texas. This request is limited to the last five (5) years.

RESPONSE:

25.   A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

RESPONSE:

26.   The most recent address maintained on file for any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

RESPONSE:

27.   Any and all activity logs relating to Plaintiffs' claim(s) for property damage, hurricane damage, hail damage, roof damage, and/or wind damage to their property, specifically the claim(s) made the basis of this suit.

RESPONSE:

28.   Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiffs' claim(s).

RESPONSE:

29.   Any and all organizational charts for Defendant.

RESPONSE:

30.   Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiffs' claim(s) was assigned. This request is limited to the last five (5) years.

RESPONSE:

NOV 2 0 2019

31.    Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiffs' claim(s).

RESPONSE:

32.    Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit in Texas. This request is limited to the last five (5) years.

RESPONSE:

33.    Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.  This request is limited to the last five (5) years.

RESPONSE:

34.    Any and all documents reflecting or relating to Defendant's decision to pay or deny additional living expenses to or on behalf of Plaintiffs in this case.

RESPONSE:

35.    Any and all documents relating to the assignment of Plaintiffs' claim(s) to any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present.

RESPONSE:

36.    Any and all documents relating to or reflecting referrals of vendors to Plaintiffs or any insured.

RESPONSE:

37.    If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

RESPONSE:

38.    Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this Lawsuit.

NOV 2 0 2019

RESPONSE:

39.   Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiffs, and any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this Lawsuit.

RESPONSE:

40.   All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

RESPONSE:

41.   Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

RESPONSE:

42.   Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by homeowner insureds.  This request is limited to the last five (5) years.

RESPONSE:

43.   Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiffs' claim(s).

RESPONSE:

44.   All computer files, databases, electronically-stored information or computer-stored information regarding the claims handling procedures and protocols used in Texas related to property damage claims (specifically, hurricane, water, roof and/or catastrophe claims) that have been compiled, prepared, supervised and/or directed by Defendant, which would have been accessible or applicable to the claim(s) made the basis of this lawsuit.  This request is limited to Texas and the time period starting January 1, 2016 to present.  This request includes documents in Defendant's possession as well as in possession of any third party adjusting company or adjuster used by Defendant to adjust such referenced claims from January 1, 2016 to present.

RESPONSE:

45.   True and complete copies of all activity logs filed by the staff and independent adjusters on the file.

NOV 2 0 2019

RESPONSE:

46.   Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

RESPONSE:

47.   Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters.  This request is limited to the last five (5) years.

RESPONSE:

48.   Any and all correspondence and lawsuits involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail damage, roof damage, and/or wind damage claims from 2012 to present.

RESPONSE:

49.   Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of claims files, management of property damage, hail damage, roof damage and/or wind damage claims, including staff and vendors.

RESPONSE:

50.   Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, roof damage and/or wind damage.

RESPONSE:

51.   Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, roof damage, and/or wind damage claims.

RESPONSE:

52.   Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, roof damage, and/or wind damage claims for 2012 through the present. Include a list of the lawsuits where testimony was given.

RESPONSE:

NOV 2 0 2019

53.  Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, Hurricane Harvey claims, wind damage claims, hail damage claims, and/or roof damage claims training.  This request is limited to the last ten (10) years.

RESPONSE:

54.  Any and all reports, documents or correspondence containing lists of files with written complaints or Department of Insurance complaints on property damage, hurricane damage, wind damage, hail damage, and/or roof damage claims previously gathered and produced in other TDI complaints or lawsuits.  This request is limited to the last five (5) years.

RESPONSE:

55.  Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs under the insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.

RESPONSE:

56.  Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs regarding the insurance claim made the basis of this lawsuit.

RESPONSE:

57.  Studies commissioned by Defendant, including any done by a law firm, to analyze their claim management strategies, and/or to help them improve corporate profits.

RESPONSE:

58.  Affidavits or depositions of the employee(s) who handled Plaintiffs' claim(s), or their supervisors, in other cases involving the same or similar allegations in this case.

RESPONSE:

59.  For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents and tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony.

RESPONSE:

60.  Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing a conviction of crime which you intend to use as evidence to impeach Plaintiff or any witnesses.

NOV 2 0 2019

RESPONSE:

61.   All correspondence, whether handwritten, typed, computer generated, or emails regarding pricing used by Defendant in the adjusting of wind, hail, or claims in Refugio County, Texas.  This request is limited to the past three (3) years.

RESPONSE:

62.   All correspondence, whether hand written, typed, computer generated, or emails regarding variations from Defendant's price list, including, but not limited to, when a variation is permissible, who is authorized to make such variations and what documentation, if any, must be included in a file with a pricing variation.

RESPONSE:

63.   All correspondence, whether hand written, typed, computer generated, emails, instructions, procedures and/or company policies regarding the unit roofing prices used by Defendant for wind, hail, or claims in Refugio County, Texas., including, but not limited to, what items Defendant alleges to be included in these unit prices. This request is limited to the past three (3) years.

RESPONSE:

64.   All communications and documents, including electronic, regarding Defendant's process of selecting engineers in its adjusting process. This request is limited to the last five years.

RESPONSE:

65.   All communications and documents, including electronic, regarding coverage disputes between Defendant and engineers in the adjusting process.

RESPONSE:

66.   All communications and documents, including electronic, regarding the payment of overhead and profit. This request is limited to the last five years.

RESPONSE:

67.   All communications and documents, including electronic, regarding Defendant's process for storing and retrieving documents and emails.

RESPONSE:

NOV 2 0 2019

68.     All communications and documents, including electronic, regarding Defendant's use of depreciation in insurance claims, including, but not limited to, how depreciation is calculated on a particular item and what training, if any, adjusters employed by or working on behalf of Defendant receive on calculating depreciation and what evidence Defendant requires a policyholder to present in order to receive the holdback depreciation on his claim. This request is limited to the last five years.

RESPONSE:

# EXHIBIT A-2

NOV 2 0 2019

## CAUSE NO. _____

| | | |
|---|---|---|
| ERNEST ZARATE AND SANDRA ARRAMBIDE | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | REFUGIO COUNTY, TEXAS |
| | § | |
| SPECIALTY INSURANCE SERVICES COPORATION, OCEAN HARBOR CASUALTY INSURANCE COMPANY, CHRISTY MILAM, AND ROBERT R. GRACIA, JR. | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
### TO DEFENDANT SPECIALTY INSURANCE SERVICES CORPORATION

COME NOW Plaintiffs, in the above-styled and numbered cause, and request that Specialty Insurance: (1) answer the Requests for Production separately and fully in writing within 50 days of service. (2) serve your answers to these Requests for Production through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; and (3) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at THE COOK LAW FIRM, PLLC. You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a. You know the response made was incorrect or incomplete when made; or

b. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**

NOV 2 0 2019

**BY:**   */s/ Andrew C. Cook*
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas  77074
Tel. (713) 401-2890
Fax: (682) 200-2849
efile@texinsurancelaw.com

**AND:**

Sean H. McCarthy
State Bar No. 24065706
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas  77017
Tel. (713) 230-2200
Fax (713) 643-6226
smccarthy@whlaw.com

**ATTORNEYS FOR PLAINTIFFS**

NOV 2 0 2019

## DEFINITIONS AND INSTRUCTIONS

A.   These Requests call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person). The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

C.   The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

D.   "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

E.   If you claim that any document which is required to be identified or produced by you in any response is privileged:

   1.   Identify the document's title and general subject matter;

   2.   State its date;

   3.   Identify all persons who participated in its preparation;

   4.   Identify the persons for whom it was prepared or to whom it was sent;

   5.   State the nature of the privilege claimed; and

   6.   State in detail each and every fact upon which you base your claim for privilege.

F.   "You," "Your," "Yours", "Defendant" and "Defendants" means all Defendants in this case.

G.   "Property" means the property defined in the Petition.

H.   "Policy" means the insurance policy identified in the Petition.

I.   The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

**J.**     "Plaintiff" includes all Plaintiffs and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT SPECIALTY INSURANCE SERVICES CORPORATION

1.     All communications and documents, including electronic, between Defendant and Plaintiffs regarding Plaintiffs' claim(s).

       RESPONSE:

2.     All communications and documents, including electronic, between Defendant and any third-party regarding Plaintiffs' claim(s).

       RESPONSE:

3.     All communications and documents, including electronic, between Defendant and any other defendant(s) regarding Plaintiffs' claim(s).

       RESPONSE:

4.     All communications and documents, including electronic, between Defendant's business departments, including all person's part of the Defendant company, regarding Plaintiffs' claim(s).

       RESPONSE:

5.     All communications and documents, including electronic, Defendant sent to any other defendant(s) in this cause of action regarding Plaintiffs or the Property, after Plaintiffs made their claim(s) for coverage.

       RESPONSE:

6.     Color copies of all photographs, diagrams, drawings, or other graphic depictions of Plaintiffs or the Property made the basis of this Lawsuit.

       RESPONSE:

7.     Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries, regarding the insurance claim(s) made the basis of this lawsuit.

       RESPONSE:

8.     All reports and other documents from governmental agencies or offices regarding Plaintiffs' Property or containing officially kept information regarding Plaintiffs' Property.

       RESPONSE:

NOV 2 0 2019

9.   Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiffs under their homeowner insurance policy/policies, specifically regarding damage to the exterior and interior of Plaintiffs' Property. This request is limited to the last ten (10) years.

     RESPONSE:

10.  All documents including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiffs' Property made the basis of this Lawsuit.

     RESPONSE:

11.  Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiffs' Property made the basis of this Lawsuit.

     RESPONSE:

12.  Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiffs' Property made the basis of this Lawsuit.

     RESPONSE:

13.  All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, water damage, hail damage, roof damage, and/or wind damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

     RESPONSE:

14.  All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims or avoiding charges of bad faith. This request is limited to the last five (5) years.

     RESPONSE:

15.  All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060. This request is specifically limited to the last five (5) years.

     RESPONSE:

NOV 2 0 2019

16.     All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 *et seq.*  This request is specifically limited to the last five (5) years.

        RESPONSE:

17.     Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income.  This request is limited to the last five (5) years.

        RESPONSE:

18.     Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insureds against Defendant regarding the handling, review and/or adjusting of homeowner insurance claims in Texas.  This request is limited to the last five (5) years.

        RESPONSE:

19.     A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas.  This request is limited to the last five (5) years.

        RESPONSE:

20.     Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, hail damage claims, roof damage claims, and/or wind damage claims in Texas.  This request is limited to the last five (5) years.

        RESPONSE:

21.     Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiffs' claim(s).  This request is limited to the last five (5) years.

        RESPONSE:

22.     Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas.  This request is limited to the last five (5) years.

        RESPONSE:

NOV 2 0 2019

23.   Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiffs' claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

RESPONSE:

24.   Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiffs' claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to the State of Texas. This request is limited to the last five (5) years.

RESPONSE:

25.   A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

RESPONSE:

26.   The most recent address maintained on file for any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

RESPONSE:

27.   Any and all activity logs relating to Plaintiffs' claim(s) for property damage, hurricane damage, hail damage, roof damage, and/or wind damage to their property, specifically the claim(s) made the basis of this suit.

RESPONSE:

28.   Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiffs' claim(s).

RESPONSE:

29.   Any and all organizational charts for Defendant.

RESPONSE:

30.   Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiffs' claim(s) was assigned. This request is limited to the last five (5) years.

RESPONSE:

NOV 2 0 2019

31.   Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiffs' claim(s).

RESPONSE:

32.   Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit in Texas. This request is limited to the last five (5) years.

RESPONSE:

33.   Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.  This request is limited to the last five (5) years.

RESPONSE:

34.   Any and all documents reflecting or relating to Defendant's decision to pay or deny additional living expenses to or on behalf of Plaintiffs in this case.

RESPONSE:

35.   Any and all documents relating to the assignment of Plaintiffs' claim(s) to any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present.

RESPONSE:

36.   Any and all documents relating to or reflecting referrals of vendors to Plaintiffs or any insured.

RESPONSE:

37.   If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

RESPONSE:

38.   Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this Lawsuit.

RESPONSE:

39.    Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiffs, and any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this Lawsuit.

RESPONSE:

40.    All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

RESPONSE:

41.    Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

RESPONSE:

42.    Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by homeowner insureds.  This request is limited to the last five (5) years.

RESPONSE:

43.    Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiffs' claim(s).

RESPONSE:

44.    All computer files, databases, electronically-stored information or computer-stored information regarding the claims handling procedures and protocols used in Texas related to property damage claims (specifically, hurricane, water, roof and/or catastrophe claims) that have been compiled, prepared, supervised and/or directed by Defendant, which would have been accessible or applicable to the claim(s) made the basis of this lawsuit.  This request is limited to Texas and the time period starting January 1, 2016 to present.  This request includes documents in Defendant's possession as well as in possession of any third party adjusting company or adjuster used by Defendant to adjust such referenced claims from January 1, 2016 to present.

RESPONSE:

45.    True and complete copies of all activity logs filed by the staff and independent adjusters on the file.

NOV 2 0 2019

RESPONSE:

46.    Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

RESPONSE:

47.    Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters.  This request is limited to the last five (5) years.

RESPONSE:

48.    Any and all correspondence and lawsuits involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail damage, roof damage, and/or wind damage claims from 2012 to present.

RESPONSE:

49.    Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of claims files, management of property damage, hail damage, roof damage and/or wind damage claims, including staff and vendors.

RESPONSE:

50.    Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, roof damage and/or wind damage.

RESPONSE:

51.    Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, roof damage, and/or wind damage claims.

RESPONSE:

52.    Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, roof damage, and/or wind damage claims for 2012 through the present. Include a list of the lawsuits where testimony was given.

RESPONSE:

NOV 2 0 2019

53.   Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, Hurricane Harvey claims, wind damage claims, hail damage claims, and/or roof damage claims training.  This request is limited to the last ten (10) years.

RESPONSE:

54.   Any and all reports, documents or correspondence containing lists of files with written complaints or Department of Insurance complaints on property damage, hurricane damage, wind damage, hail damage, and/or roof damage claims previously gathered and produced in other TDI complaints or lawsuits.  This request is limited to the last five (5) years.

RESPONSE:

55.   Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs under the insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.

RESPONSE:

56.   Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs regarding the insurance claim made the basis of this lawsuit.

RESPONSE:

57.   Studies commissioned by Defendant, including any done by a law firm, to analyze their claim management strategies, and/or to help them improve corporate profits.

RESPONSE:

58.   Affidavits or depositions of the employee(s) who handled Plaintiffs' claim(s), or their supervisors, in other cases involving the same or similar allegations in this case.

RESPONSE:

59.   For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents and tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony.

RESPONSE:

60.   Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing a conviction of crime which you intend to use as evidence to impeach Plaintiff or any witnesses.

RESPONSE:

61.     All correspondence, whether handwritten, typed, computer generated, or emails regarding pricing used by Defendant in the adjusting of wind, hail, or claims in Refugio County, Texas.  This request is limited to the past three (3) years.

RESPONSE:

62.     All correspondence, whether hand written, typed, computer generated, or emails regarding variations from Defendant's price list, including, but not limited to, when a variation is permissible, who is authorized to make such variations and what documentation, if any, must be included in a file with a pricing variation.

RESPONSE:

63.     All correspondence, whether hand written, typed, computer generated, emails, instructions, procedures and/or company policies regarding the unit roofing prices used by Defendant for wind, hail, or claims in Refugio County, Texas., including, but not limited to, what items Defendant alleges to be included in these unit prices. This request is limited to the past three (3) years.

RESPONSE:

64.     All communications and documents, including electronic, regarding Defendant's process of selecting engineers in its adjusting process. This request is limited to the last five years.

RESPONSE:

65.     All communications and documents, including electronic, regarding coverage disputes between Defendant and engineers in the adjusting process.

RESPONSE:

66.     All communications and documents, including electronic, regarding the payment of overhead and profit. This request is limited to the last five years.

RESPONSE:

67.     All communications and documents, including electronic, regarding Defendant's process for storing and retrieving documents and emails.

RESPONSE:

NOV 2 0 2019

68.   All communications and documents, including electronic, regarding Defendant's use of depreciation in insurance claims, including, but not limited to, how depreciation is calculated on a particular item and what training, if any, adjusters employed by or working on behalf of Defendant receive on calculating depreciation and what evidence Defendant requires a policyholder to present in order to receive the holdback depreciation on his claim. This request is limited to the last five years.

RESPONSE:

NOV 2 0 2019

# __EXHIBIT B__

NOV 2 0 2019

CAUSE NO. _____

| | | |
|---|---|---|
| ERNEST ZARATE AND SANDRA ARRAMBIDE | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | REFUGIO COUNTY, TEXAS |
| | § | |
| SPECIALTY INSURANCE SERVICES COPORATION, OCEAN HARBOR CASUALTY INSURANCE COMPANY, CHRISTY MILAM, AND ROBERT R. GRACIA, JR. | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY

COME NOW Plaintiffs, in the above-styled and numbered cause, and request that Ocean Harbor (1) answer the following Request for Admissions separately and fully in writing within 50 days of service; (2) serve your answers to the Request for Admissions through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; You are also advised that you are under a duty to seasonally amend and/or supplement your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

NOV 2 0 2019

Respectfully submitted,
THE COOK LAW FIRM, PLLC


BY:    /s/ Andrew C. Cook
       Andrew C. Cook
       State Bar No. 24057481
       7324 Southwest Freeway, Suite 585
       Houston, Texas 77074
       Tel. (713) 401-2890
       Fax: (682) 200-2849
       efile@texinsurancelaw.com

AND:

       Sean H. McCarthy
       State Bar No. 24065706
       WILLIAMS HART BOUNDAS EASTERBY, LLP
       8441 Gulf Freeway, Suite 600
       Houston, Texas 77017
       Tel. (713) 230-2200
       Fax (713) 643-6226
       smccarthy@whlaw.com

       **ATTORNEYS FOR PLAINTIFFS**

NOV 2 0 2019

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO
## DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY

1.  Admit Plaintiffs submitted the claim for storm damage identified with Claim No. 2017-420001557 within the deadlines prescribed by the Policy.

**RESPONSE:**

2.  Admit Plaintiffs fully complied with all contractual obligations imposed by the Policy.

**RESPONSE:**

3.  Admit that Defendant Ocean Harbor should assist its policyholders with their insurance claims.

**RESPONSE:**

4.  Admit that Defendant Ocean Harbor must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

**RESPONSE:**

5.  Admit that Defendant Ocean Harbor should treat its policyholders' interests as no less than equal to its own.

**RESPONSE:**

6.  Admit that Defendant Ocean Harbor issued an Insurance Policy (Policy No. SWM-300316-07) providing property insurance coverage for the Property located at 216 Bissett Tivoli, Refugio County, Texas to Plaintiffs: Ernest Zarate and Sandra Arrambide.

**RESPONSE:**

7.  Admit that Plaintiffs paid Defendant Ocean Harbor for the Insurance Policy (Policy No.: SWM-300316-07).

**RESPONSE:**

8.  Admit that Defendant Ocean Harbor accepted Plaintiff(s)' money in exchange for its issuance of the Insurance Policy (Policy No.: SWM-300316-07).

**RESPONSE:**

NOV 2 0 2019

9. Admit that The Insurance Policy (Policy No.: SWM-300316-07) provides coverage for damage caused by wind, during the Policy Period, to the covered Property.

**RESPONSE:**

10. Admit that The Insurance Policy (Policy No.: SWM-300316-07) provides coverage for damage caused by hail, during the Policy Period, to the covered Property.

**RESPONSE:**

11. Admit that Plaintiff(s) submitted a claim (Claim No.: 2017-420001557) to Defendant Ocean Harbor for damage to the covered Property caused by wind.

**RESPONSE:**

12. Admit that Defendant Ocean Harbor, either itself or through a third-party, investigated Claim No. 2017-420001557.

**RESPONSE:**

13. Admit that as part of its investigation of Claim No. 2017-420001557, Defendant Ocean Harbor, either itself or through a third-party, assigned a Date of Loss to the underlying event for which Plaintiff(s) sought coverage.

**RESPONSE:**

14. Admit that The Date of Loss assigned to Claim No. 2017-420001557 occurred during the Policy Period of Insurance Policy (Policy No.: SWM-300316-07).

**RESPONSE:**

15. Admit that Under the terms of the Insurance Policy (Policy No.: SWM-300316-07), in order for Plaintiff(s) to be entitled to receive monetary Policy Benefits, there must be a covered loss that exceeds the amount of Plaintiff(s)' Deductible.

**RESPONSE:**

16. Admit that During its investigation of Claim No. 2017-420001557, and prior to the date it first anticipated litigation, Defendant Ocean Harbor determined that Plaintiff(s) were not entitled to monetary Policy Benefits for this claim.

**RESPONSE:**

17. Admit that During its investigation of Claim No. 2017-420001557, and prior to the date it first anticipated litigation, Ocean Harbor determined that Plaintiff(s) were entitled to monetary Policy Benefits for this claim.

NOV 2 0 2019

NOV 2 0 2019

**RESPONSE:**

18. Admit that Prior to the date it first anticipated litigation, Ocean Harbor denied coverage for Claim No.: 2017-420001557.

**RESPONSE:**

19. Admit that Prior to the date it first anticipated litigation, Ocean Harbor accepted coverage for Claim No.: 2017-420001557.

**RESPONSE:**

20. Admit that Prior to the date it first anticipated litigation, Defendant Ocean Harbor communicated to Plaintiff(s) its determination that Plaintiff(s) were not entitled to monetary Policy Benefits for Claim No. 2017-420001557.

**RESPONSE:**

21. Admit that Prior to the date it first anticipated litigation, Defendant Ocean Harbor communicated to Plaintiff(s) its determination that Plaintiff(s) were entitled to monetary Policy Benefits for Claim No. 2017-420001557.

**RESPONSE:**

22. Admit that Prior to the date it first anticipated litigation, Defendant Ocean Harbor provided monetary Policy Benefits to Plaintiff(s) for Claim No. 2017-420001557.

**RESPONSE:**

23. Admit that Prior to the date it first anticipated litigation, Defendant Ocean Harbor did not provide monetary Policy Benefits to Plaintiff(s) for Claim No. 2017-420001557.

**RESPONSE:**

NOV 2 0 2019

# **<u>EXHIBIT C-1</u>**

NOV 2 0 2019



CAUSE NO. _____

| | | |
|---|---|---|
| ERNEST ZARATE AND SANDRA ARRAMBIDE | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | REFUGIO COUNTY, TEXAS |
| SPECIALTY INSURANCE SERVICES COPORATION, OCEAN HARBOR CASUALTY INSURANCE COMPANY, CHRISTY MILAM, AND ROBERT R. GRACIA, JR. | § § § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### ERNEST ZARATE'S FIRST SET OF INTERROGATORIES TO DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY

COMES NOW Ernest Zarate, in the above-styled and numbered cause, and requests that Defendant Ocean Harbor: (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) serve your answers to these Interrogatories through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; You are also advised that you are under a duty to seasonally amend and/or supplement your responses if you obtain information on the basis of which:

a.   You know the response made was incorrect or incomplete when made; or

b.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

NOV 2 0 2019

Respectfully submitted,
THE COOK LAW FIRM, PLLC


BY:    /s/ Andrew C. Cook
       Andrew C. Cook
       State Bar No. 24057481
       7324 Southwest Freeway, Suite 585
       Houston, Texas  77074
       Tel. (713) 401-2890
       Fax: (682) 200-2849
       efile@texinsurancelaw.com

AND:

       Sean H. McCarthy
       State Bar No. 24065706
       WILLIAMS HART BOUNDAS EASTERBY, LLP
       8441 Gulf Freeway, Suite 600
       Houston, Texas  77017
       Tel. (713) 230-2200
       Fax (713) 643-6226
       smccarthy@whlaw.com

       **ATTORNEYS FOR PLAINTIFFS**

NOV 2 0 2019

## PLAINTIFF ERNEST ZARATE'S FIRST SET OF INTERROGATORIES TO DEFENDANT OCEAN HARBOR INSURANCE COMPANY

1.  Identify all persons and entities involved, associated, or in any way related to the investigation or adjustment of 2017-420001557.

**ANSWER:**

2.  Identify all persons involved in any coverage decisions with respect to 2017-420001557.

**ANSWER:**

3.  Please identify all evidence that may be used to impeach, by proof of final conviction, any witness, including Plaintiff, by stating the following identifying information pursuant to Rule 609 of the Texas Rules of Evidence:

    a.  The name of the accused;

    b.  The charged offense;

    c.  Whether the crime was a felony or involved moral turpitude;

    d.  The date of final conviction; and

    e.  The style, case number, and county of the proceeding.

**ANSWER:**

4.  Pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, identify any documents that have been withheld from discovery by this Defendant, based on a claim of privilege either in response to a Request for Disclosure or a Request for Production.

**ANSWER:**

5.  Identify any and all rebuttal or impeaching witnesses who may be called to testify at trial.

**ANSWER:**

6.  Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*. Please state the basis of your contention that they are not qualified.

NOV 2 0 2019

**ANSWER:**

7.    If you contend that any opinion rendered by any expert identified by Plaintiff is not "reliable" within the meaning of *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*, please state the basis of your contention.

**ANSWER:**

8.    If you, a named Defendant in this lawsuit, have been convicted of a felony or other crime involving moral turpitude, identify the nature of the offense and the date and place of such conviction.

**ANSWER:**

9.    State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060.

**ANSWER:**

10.    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055.

**ANSWER:**

11.    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056.

**ANSWER:**

12.    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058

**ANSWER:**

NOV 2 0 2019

13.    Identify by name, address, and telephone number any expert witness who is not expected to be called as a witness, but whose work product was reviewed by or forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**ANSWER:**

14.    For each consulting expert whose work product has been reviewed or relied upon by a testifying expert, please state:

    a.    The number of times that expert has been retained by a defendant in any case;

    b.    The number of times that expert has been retained by a plaintiff in any case;

    c.    The number of times that expert has been retained by the attorney representing Defendant in this suit;

    d.    The number of times that expert has been retained by the law firm representing Defendant in this suit; and

    e.    The amount of compensation received or to be received in this case.

**ANSWER:**

15.    Identify the location where Defendant keeps, stores, or maintains any Texas Department of Insurance bulletin, communication, or document that explains, addresses, or relates to the proper application of overhead and profit to homeowners' property damage claims.

**ANSWER:**

16.    Identify the location where Defendant keeps, stores, or maintains any Texas Department of Insurance bulletin, communication, or document that explains, addresses, or relates to the proper application of depreciation to homeowners' property damage claims.

**ANSWER:**

NOV 2 0 2019

# **EXHIBIT C-2**

NOV 2 0 2019

## CAUSE NO. _____

| | | |
|---|---|---|
| ERNEST ZARATE AND SANDRA ARRAMBIDE | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| **v.** | § § | REFUGIO COUNTY, TEXAS |
| SPECIALTY INSURANCE SERVICES COPORATION, OCEAN HARBOR CASUALTY INSURANCE COMPANY, CHRISTY MILAM, AND ROBERT R. GRACIA, JR. | § § § § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### ERNEST ZARATE'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT SPECIALTY INSURANCE SERVICES CORPORATION

COMES NOW Ernest Zarate, in the above-styled and numbered cause, and requests that Defendant Specialty Insurance: (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) serve your answers to these Interrogatories through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a.   You know the response made was incorrect or incomplete when made; or

b.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

NOV 2 0 2019

Respectfully submitted,

**THE COOK LAW FIRM, PLLC**

**BY:**     /s/ Andrew C. Cook
           Andrew C. Cook
           State Bar No. 24057481
           7324 Southwest Freeway, Suite 585
           Houston, Texas  77074
           Tel. (713) 401-2890
           Fax: (682) 200-2849
           efile@texinsurancelaw.com

**AND:**

           Sean H. McCarthy
           State Bar No. 24065706
           **WILLIAMS HART BOUNDAS EASTERBY, LLP**
           8441 Gulf Freeway, Suite 600
           Houston, Texas  77017
           Tel. (713) 230-2200
           Fax (713) 643-6226
           smccarthy@whlaw.com

           **ATTORNEYS FOR PLAINTIFFS**

NOV 2 0 2019

## PLAINTIFF ERNEST ZARATE'S FIRST SET OF INTERROGATORIES TO DEFENDANT SPECIALTY INSURANCE SERVICES CORPORATION

1.    Identify all persons and entities involved, associated, or in any way related to the investigation or adjustment of 2017-420001557.

**ANSWER:**

2.    Identify all persons involved in any coverage decisions with respect to <u>2017-420001557</u>.

**ANSWER:**

3.    Please identify all evidence that may be used to impeach, by proof of final conviction, any witness, including Plaintiff, by stating the following identifying information pursuant to Rule 609 of the Texas Rules of Evidence:

      a.   The name of the accused;

      b.   The charged offense;

      c.   Whether the crime was a felony or involved moral turpitude;

      d.   The date of final conviction; and

      e.   The style, case number, and county of the proceeding.

**ANSWER:**

4.    Pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, identify any documents that have been withheld from discovery by this Defendant, based on a claim of privilege either in response to a Request for Disclosure or a Request for Production.

**ANSWER:**

5.    Identify any and all rebuttal or impeaching witnesses who may be called to testify at trial.

**ANSWER:**

6.    Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*. Please state the basis of your contention that they are not qualified.

NOV 2 0 2019

**ANSWER:**

7.      If you contend that any opinion rendered by any expert identified by Plaintiff is not "reliable" within the meaning of *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*, please state the basis of your contention.

**ANSWER:**

8.      If you, a named Defendant in this lawsuit, have been convicted of a felony or other crime involving moral turpitude, identify the nature of the offense and the date and place of such conviction.

**ANSWER:**

9.      State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060.

**ANSWER:**

10.     State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055.

**ANSWER:**

11.     State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056.

**ANSWER:**

12.     State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058

**ANSWER:**

NOV 2 0 2019

13.  Identify by name, address, and telephone number any expert witness who is not expected to be called as a witness, but whose work product was reviewed by or forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**ANSWER:**


14.  For each consulting expert whose work product has been reviewed or relied upon by a testifying expert, please state:

   a.  The number of times that expert has been retained by a defendant in any case;
   b.  The number of times that expert has been retained by a plaintiff in any case;
   c.  The number of times that expert has been retained by the attorney representing Defendant in this suit;
   d.  The number of times that expert has been retained by the law firm representing Defendant in this suit; and
   e.  The amount of compensation received or to be received in this case.

**ANSWER:**


15.  Identify the location where Defendant keeps, stores, or maintains any Texas Department of Insurance bulletin, communication, or document that explains, addresses, or relates to the proper application of overhead and profit to homeowners' property damage claims.

**ANSWER:**


16.  Identify the location where Defendant keeps, stores, or maintains any Texas Department of Insurance bulletin, communication, or document that explains, addresses, or relates to the proper application of depreciation to homeowners' property damage claims.

**ANSWER:**

NOV 2 0 2019

# **EXHIBIT C-3**

NOV 2 0 2019

CAUSE NO. _____

| | | |
|---|---|---|
| ERNEST ZARATE AND SANDRA ARRAMBIDE | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | REFUGIO COUNTY, TEXAS |
| | § | |
| SPECIALTY INSURANCE SERVICES COPORATION, OCEAN HARBOR CASUALTY INSURANCE COMPANY, CHRISTY MILAM, AND ROBERT R. GRACIA, JR. | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### ERNEST ZARATE'S FIRST SET OF
### INTERROGATORIES TO DEFENDANT CHRISTY MILAM

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that Christy Milam:

(1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service;

(2) serve your answers to these Interrogatories through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

NOV 2 0 2019

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**

**BY:**    */s/ Andrew C. Cook*
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas 77074
Tel. (713) 401-2890
Fax: (682) 200-2849
efile@texinsurancelaw.com

**AND:**

Sean H. McCarthy
State Bar No. 24065706
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Tel. (713) 230-2200
Fax (713) 643-6226
smccarthy@whlaw.com

**ATTORNEYS FOR PLAINTIFFS**

NOV 2 0 2019

## PLAINTIFF ERNEST ZARATE'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT CHRISTY MILAM

1.   Identify all persons and entities involved, associated, or in any way related to the investigation or adjustment of 2017-420001557.

**ANSWER:**

2.   Identify all persons involved in any coverage decisions with respect to 2017-420001557.

**ANSWER:**

3.   Please identify all evidence that may be used to impeach, by proof of final conviction, any witness, including Plaintiff, by stating the following identifying information pursuant to Rule 609 of the Texas Rules of Evidence:

      a.   The name of the accused;

      b.   The charged offense;

      c.   Whether the crime was a felony or involved moral turpitude;

      d.   The date of final conviction; and

      e.   The style, case number, and county of the proceeding.

**ANSWER:**

4.   Pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, identify any documents that have been withheld from discovery by this Defendant, based on a claim of privilege either in response to a Request for Disclosure or a Request for Production.

**ANSWER:**

5.   Identify any and all rebuttal or impeaching witnesses who may be called to testify at trial.

**ANSWER:**

6.   Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*. Please state the basis of your contention that they are not qualified.

**ANSWER:**

7.   If you contend that any opinion rendered by any expert identified by Plaintiff is not "reliable" within the meaning of *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549

NOV 2 0 2019

(Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*, please state the basis of your contention.

**ANSWER:**

8.    If you or any individual adjuster or claims handler that was assigned by a named Defendant in this lawsuit to adjust or handle the claim made basis of this lawsuit have been convicted of a felony or other crime involving moral turpitude, identify the nature of the offense and the date and place of such conviction.

**ANSWER:**

9.    State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060.

**ANSWER:**

10.   Identify by name, address, and telephone number any expert witness who is not expected to be called as a witness, but whose work product forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**ANSWER:**

11.   For each consulting expert whose work product has been reviewed or relied upon by a testifying expert, please state:

    a.   The number of times that expert has been retained by a defendant in any case;
    b.   The number of times that expert has been retained by a plaintiff in any case;
    c.   The number of times that expert has been retained by the attorney representing Defendant in this suit;
    d.   The number of times that expert has been retained by the law firm representing Defendant in this suit; and
    e.   The amount of compensation received or to be received in this case.

**ANSWER:**

NOV 2 0 2019

# **EXHIBIT C-4**

NOV 2 0 2019



CAUSE NO. _____

| | | |
|---|---|---|
| ERNEST ZARATE AND SANDRA ARRAMBIDE | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | REFUGIO COUNTY, TEXAS |
| SPECIALTY INSURANCE SERVICES COPORATION, OCEAN HARBOR CASUALTY INSURANCE COMPANY, CHRISTY MILAM, AND ROBERT R. GRACIA, JR. | § § § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF ERNEST ZARATE'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT ROBERT GRACIA JR.

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that Robert Gracia

Jr.: (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of

service; (2) serve your answers to these Interrogatories on Plaintiff through Plaintiffs' attorney of record,

Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; You

are also advised that you are under a duty to seasonally amend and/or supplement your responses if you

obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and

            complete, and the circumstances are such that a failure to amend the answer in substance

            is misleading.

NOV 2 0 2019

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**

**BY:**   */s/ Andrew C. Cook*
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas  77074
Tel. (713) 401-2890
Fax: (682) 200-2849
efile@texinsurancelaw.com

**AND:**

Sean H. McCarthy
State Bar No. 24065706
**WILLIAMS HART BOUNDAS EASTERBY, LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas  77017
Tel. (713) 230-2200
Fax (713) 643-6226
smccarthy@whlaw.com

**<u>ATTORNEYS FOR PLAINTIFFS</u>**

NOV 2 0 2019

## PLAINTIFF ERNEST ZARATE'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT ROBERT GRACIA JR.

1.    Identify all persons and entities involved, associated, or in any way related to the investigation or adjustment of 2017-420001557.

**ANSWER:**

2.    Identify all persons involved in any coverage decisions with respect to 2017-420001557.

**ANSWER:**

3.    Please identify all evidence that may be used to impeach, by proof of final conviction, any witness, including Plaintiff, by stating the following identifying information pursuant to Rule 609 of the Texas Rules of Evidence:

      a.    The name of the accused;

      b.    The charged offense;

      c.    Whether the crime was a felony or involved moral turpitude;

      d.    The date of final conviction; and

      e.    The style, case number, and county of the proceeding.

**ANSWER:**

4.    Pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, identify any documents that have been withheld from discovery by this Defendant, based on a claim of privilege either in response to a Request for Disclosure or a Request for Production.

**ANSWER:**

5.    Identify any and all rebuttal or impeaching witnesses who may be called to testify at trial.

**ANSWER:**

6.    Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*.  Please state the basis of your contention that they are not qualified.

**ANSWER:**

7.    If you contend that any opinion rendered by any expert identified by Plaintiff is not "reliable" within the meaning of *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549

NOV 2 0 2019

(Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*, please state the basis of your contention.

**ANSWER:**

8.     If you or any individual adjuster or claims handler that was assigned by a named Defendant in this lawsuit to adjust or handle the claim made basis of this lawsuit have been convicted of a felony or other crime involving moral turpitude, identify the nature of the offense and the date and place of such conviction.

**ANSWER:**

9.     State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060.

**ANSWER:**

10.    Identify by name, address, and telephone number any expert witness who is not expected to be called as a witness, but whose work product forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**ANSWER:**

11.    For each consulting expert whose work product has been reviewed or relied upon by a testifying expert, please state:

    a.  The number of times that expert has been retained by a defendant in any case;
    b.  The number of times that expert has been retained by a plaintiff in any case;
    c.  The number of times that expert has been retained by the attorney representing Defendant in this suit;
    d.  The number of times that expert has been retained by the law firm representing Defendant in this suit; and
    e.  The amount of compensation received or to be received in this case.

**ANSWER:**

Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 84
SafetySeal(10176l)

NOV 20 2019



MARA VELASCO
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

1.0 LBS    LTR         1 OF 1

**SHIP TO:**
DONNA  ERICKSON
2149323601
OCEAN HARBOR CASUALTY INSURANCE CO
2549 BARRINGTON CIRCLE
**TALLAHASSEE  FL 32308**

1450855    6

**FL 323 0-01**

**UPS NEXT DAY AIR**              **1**
TRACKING #: 1Z X21 278 01 0771 6708

BILLING: P/P

Reference No.1: SOP/2401130/536642495/CT SOP Custo

X0L 19.10.10       NV4S 20 0A 10/2019

Origin: Wolters Kluwer UPS 562130

Filed
12/2/2019 10:54 AM
Ruby Garcia, District Clerk
Refugio County, Texas
Jennifer Castellano, Deputy

**CAUSE NO. 2019-10-13018**

| | | |
|---|---|---|
| ERNEST ZARATE and | § | IN THE DISTRICT COURT |
| SANDRA ARRAMBIDE | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | REFUGIO COUNTY, TEXAS |
| | § | |
| SPECIALTY INSURANCE SERVICES | § | |
| CORPORATION, OCEAN HARBOR | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| CHRISTY MILAM, and ROBERT R. | § | 267TH JUDICIAL DISTRICT |
| GRACIA, JR. | § | |
| Defendants. | § | |

## SPECIALTY INSURANCE'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW SPECIALTY INSURANCE SERVICES CORPORATION, (hereinafter "Defendant") in the above-entitled and numbered cause, and file this Original Answer, and in support thereof would respectfully show the Court as follows:

### I. General Denial

1.      Defendant generally denies the allegations contained in Plaintiffs' Original Petition and all supplements and amendments thereto and demand strict proof thereof, as required by the constitution and laws of the State of Texas.

### II. Specific Denials

2.      Defendant specifically denies it has failed to perform any contractual obligations under any insurance policy issued to Plaintiffs.  Defendant affirmatively states it has satisfied all contractual obligations to Plaintiffs, and has properly complied with the policy terms, conditions, duties, and limitations of coverage.

3.      Defendant specifically denies that Plaintiffs are owed any additional amounts under the policy as alleged in Plaintiffs' Original Petition and all amendments or supplements thereto.

Defendant's Original Answer                                                                                   Page 1

4.      Defendant specifically denies it has waived and/or is estopped from asserting coverage defenses, conditions, exclusions or exceptions to coverage.

### III. Affirmative Defenses and Damages Limitations

5.      To the extent the insurance policy issued to Plaintiffs provides exclusions, limitations and provisions which may preclude and/or limit Plaintiffs' recovery in this action, Defendant will rely upon the terms, conditions, limitations and exclusions in the policy in defense of the claims asserted against it.

6.      As to all of Plaintiffs' extra-contractual claims alleging breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and all other extra-contractual claims, Defendant will show that a *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement to insurance benefits, which accordingly precludes extra-contractual liability.

7.      Defendant would show that under the doctrine of concurrent causes, an insured's recovery is limited to the amount of damages caused by a covered peril.  The extent covered and non-covered causes of loss combined to cause the damages complained of by Plaintiffs, Plaintiffs bear the burden to segregate the damages caused by covered causes of loss, if any, from damages caused by non-covered causes of loss, if any.

8.      Pleading further, Defendant will show that Plaintiffs failed to mitigate the damages alleged in Plaintiffs' Original Petition and all amendments or supplements thereto, by, among other things, failing to protect the property from further damage and/or make reasonable and necessary repairs to protect and preserve the property.

9.      Pleading further, Defendant asserts the affirmative defense of accord and satisfaction.

10.     Any recovery by Plaintiffs must be offset against amounts already paid to Plaintiffs by Defendant, other insurers, or third parties who may be responsible to Plaintiffs for the damages alleged in Plaintiffs' live petition.

11.     Any recovery will be subject to the amount of the applicable deductible(s) of the applicable policy.  Any recovery by Plaintiffs is subject to the policy limits of coverage.

12.     If Defendant is found liable for exemplary damages, those damages must be capped under Chapter 41 of the Texas Civil Practices & Remedies Code and the Due Process Clauses of the United States and Texas Constitutions.

13.     Defendant asserts that the acts or omissions of third parties over whom Defendant has no right of control, including the acts and omissions of Plaintiffs caused or contributed to Plaintiffs' alleged damages.

14.     Plaintiffs' damages, if any, are the result, in whole or in part, of Plaintiffs' own fault, acts and/or omissions, negligence, breach of duty, violation of stature, and/or breach of contract or that of Plaintiffs' agents, representatives, or employees.

15.     Defendant pleads the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case.  Plaintiffs have failed to act in good faith in presentation and prosecution of Plaintiffs' claims.

16.     Defendant pleads the excessive demand doctrine and requests a reduction in or a prohibition to Plaintiffs' recovery of attorney's fees and costs as a result of Plaintiffs' unreasonable claims and demands to Defendant which preceded the filing of this lawsuit.

### IV. Reservations

17.     Defendant expressly reserves all rights available to it under the policy of insurance at issue, the Texas Insurance Code and the Texas Deceptive Trade Practices & Consumer Protection Act, including the right to invoke the appraisal provision under the Policy and

reserves its right to amend this Answer and assert additional Affirmative Defenses as necessary while this case further develops.

WHEREFORE, PREMISES CONSIDERED, Defendant SPECIALTY INSURANCE SERVICES CORPORATION, respectfully prays that Plaintiffs take nothing by reason of this action against Defendant, and Defendant be awarded costs of court, and such other and further relief to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**FULTZ & COUGILL, LLP**

By: **/s/ THOMAS L. COUGILL**
JEFFREY P. FULTZ, SBN: 00790728
THOMAS L. COUGILL, SBN: 04877300
10343 Sam Houston Park Drive, Suite 210
Houston, Texas 77064
(713) 600-0040 – Telephone
(713) 600-0041 – Facsimile
Email: jfultz@fulcolaw.com
Email: tcougill@fulcolaw.com

**ATTORNEYS FOR DEFENDANT,
SPECIALTY INSURANCE SERVICES
CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on all known counsel of record pursuant to the Texas Rules of Civil Procedure on this the 2nd day of December 2019.

**/s/ Thomas L. Cougill**
THOMAS L. COUGILL

Filed
12/9/2019 3:05 PM
Ruby Garcia, District Clerk
Refugio County, Texas
Sylvia Lopez, Deputy

## CAUSE NO:  2019-10-13018

| | | |
|---|---|---|
| ERNEST ZARATE AND | § | IN THE DISTRICT COURT OF |
| SANDRA ARRAMBIDE | § | |
| | § | |
| VS. | § | |
| | § | REFUGIO COUNTY, TEXAS |
| SPECIALTY INSURANCE SERVICES | § | |
| CORPORATION, OCEAN HARBOR | § | |
| CASUALTY  INSURANCE COMPANY, | § | |
| CHRISTY MILAM, AND ROBERT R. | § | |
| GARCIA, JR. | § | 267TH JUDICIAL DISTRICT |

### DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ocean Harbor Casualty Insurance Company ("Ocean Harbor"), a Defendant in the above-entitled and numbered cause and files this, its Answer to Plaintiffs' Original Petition and Request for Disclosure and would respectfully show unto the Court the following:

## I.   GENERAL DENIAL

1.1    Ocean Harbor Casualty Insurance Company asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs be required to prove their charges and allegations against Ocean Harbor Casualty Insurance Company by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

## II.   DENIAL OF CONDITIONS PRECEDENT

2.1    The Policy contains certain conditions that have not been satisfied that bar Plaintiffs' recovery, in whole or in part:

### A.    NO ACTION CLAUSE

4849-4008-5678.1

2.2     The Policy specifically provides, as conditions precedent to property loss coverage, that no suit can be brought against Ocean Harbor unless the following policy provisions have been complied with:

**CONDITIONS APPLYING TO SECTION I – PROPERTY COVERAGES**

All obligations of the Company under this policy are subject to the performance by the **Insured** of the following conditions:

**A.     General Conditions Applicable to Physical Damage to Insured Property and Vendor's Single Interest Protection**

* * *

**2.      Protection of Insured Property.** Upon the threat or occurrence of a loss or an event which may give rise to a claim under this policy, the Insured shall use all reasonable means to protect the property insured hereunder from loss or further loss. Reasonable expense incurred in affording such protection shall be deemed incurred at the Company's request.

* * *

**4.      Assistance and Cooperation.** The **Insured** and any person interested in or claiming any benefit under this policy shall cooperate with the Company and, upon the Company's request, assist in making settlements, in the conduct of suits, and in enforcing any right of contribution, indemnity or recovery against any person or organization who may be liable for any injury, damage or loss with respect to which insurance is afforded under this policy…The **Insured** shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense.

**5.      Proof of Loss.** The **Insured**, or someone on his behalf, shall file proof of loss with the Company within 91 days after the occurrence of the loss, unless such time is extended in writing by the Company and upon the Company's request, exhibit the damaged property to duly authorization representatives of the Company, and submit to and subscribe examinations under oath by anyone designated by the Company, produce for the Company's examination all pertinent papers, documents and records (or certified copies thereof, if originals be lost), permitting copies thereof to be made by or on behalf of the Company all at such reasonable times and places as the Company from time to time may designate. The proof shall be in the form of a sworn statement by the **Insured** and shall include in reasonable detail the interest of the **Insured** and of all others in the insured property, any encumbrances thereon, the actual cash value thereof at the time of loss, the amount, place, cause and surrounding circumstances of the loss, the amount of any other expense for which claim is made, original receipts for such expenditures, and a description and amount of all other insurance covering the insured property.

* * *

**8.      Action Against the Company.** No payment shall be due by the Company under this policy and no action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all of the terms of this policy, nor until 30 days after proof of loss is filed and the amount of loss is determined as provided by this policy…

* * *

2.3     Plaintiffs' failure to comply with the above provisions constitutes a breach of the "no action" clause. Accordingly, Plaintiffs are barred from proceeding with their lawsuit and from recovering damages, attorneys' fees, interest or other amounts from Ocean Harbor.

**B.     LOSS DURING THE POLICY PERIOD**

2.4     The Policy does not cover damages which occurred prior to Policy inception regardless of whether such damages were apparent at the time of the inception of the Policy or discovered at a later date. To the extent that any part of the loss which Plaintiffs complain did not occur during the applicable policy period, the Policy provides no coverage for same.

2.5     The Policy does not cover claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to Policy inception.

**C.     LOSS ABOVE THE DEDUCTIBLE**

2.6     Ocean Harbor's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss that exceeds the deductible.

## III.     <u>DEFENSES</u>

3.1     Ocean Harbor Casualty Insurance Company denies that the required conditions precedent were performed and/or occurred. To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

3.2     The damages allegedly sustained by Plaintiffs may have been the result of actions or omissions of individuals over whom Ocean Harbor had no control, including but not limited to Plaintiffs, therefore, Ocean Harbor is not liable to Plaintiffs.

3.3     The Policy requires direct, sudden and accidental loss.

3.4     Ocean Harbor Casualty Insurance Company issued policy no. SWM-300316-07 to

Ernest Zarate and Sandra Arrambide for the property located at 216 Bissett, Tivoli, Texas 77990

with limits of liability of $65,000 for the mobile home; $6,500 for adjacent structures; $26,000

for contents; and $13,000 for additional living expenses, for the policy term March 19, 2017

through March 19, 2018. Ocean Harbor adopts its terms, conditions and exclusions as if copied

*in extenso*. In relevant part, the Policy provides:

**AMOUNT AND METHOD OF SETTLEMENT APPLYING TO SECTION I — PROPERTY COVERAGES**
**Partial Loss Payment Method**

    **A.**    **Determining the Amount of Settlement — Limitation on Company Liability,** Item 1.a. is replaced with the following for SECTION I, PHYSICAL DAMAGE TO INSURED PROPERTY for the Mobile Home and Adjacent Structures and Equipment.

        **Replacement Cost Amount and Method of Settlement**

        The amount of the Company's liability for loss to the Named Insured's Mobile Home or Adjacent Structures and Equipment, except for Non-Structural Hail Losses, will be the lowest of:

        **1.**    The **replacement cost** of the damage to the Named Insured's Mobile Home or Adjacent Structures and Equipment.

        **2.**    The amount actually spent for necessary repair or replacement of the damaged Named Insured's Mobile Home or Adjacent Structures and Equipment.

        **3.**    The limit of liability shown on the Declarations that applies to the Named Insured's damaged Mobile Home or Adjacent Structures and Equipment.

        If the cost to repair or replace the damaged property is more than $2,500, the Company's liability for loss will be no more than the actual cash value of that damaged until actual repair or replacement is completed.

<div align="center">* * *</div>

    **Actual Cash Value Payment Method**

The Named Insured may disregard the Replacement Cost Amount and Method of Payment and make a claim on an Actual Cash Value Payment Method Except for Non-Structural Hail Losses. If the Named Insured does, the Named Insured may make further claim within 180 days after the loss for any additional cost the Named Insured incurs in replacing the damaged property.

Under the Actual Cash Value Payment Method, the amount we pay for loss to the insured Mobile Home and Adjacent Structures and Equipment losses will be the lowest of:

1.    The difference between the **actual cash value** of the insured property immediately before the loss and its **actual cash value** immediately after the loss.

2.    The cost of repairing the damage.

3.    The **actual cash value** of the insured property immediately preceding the loss.

4.    The cost of replacing the insured property.

5.    The limit of liability shown on the Declarations

<div align="center">* * *</div>

3.5     The Policy does not cover Additional Living Expenses after the lapse of seven (7)

days after Ocean Harbor offered to make a reasonable cash settlement on the claim, pursuant to

the Manufactured Homeowners Amendatory Endorsement Texas OHM143TX-1209, which

provides:

> **C.     Extensions of Coverage** is changed to read:
> 1.     Whenever coverages B.1.a. or B.1.b. are purchased for the mobile home, the Company will extend the following coverages without specific premium charge:
>> **a.     Additional Living Expenses**
>>> (1)     If an insured loss makes the Named Insured's mobile home not fit to live in, the Company will pay the actual, reasonable and necessary increase in the Named Insured's living expense, up to 20% of the Limit of Liability shown in the Declarations for the mobile home to maintain the Named Insured's normal standard of living while the Named Insured lives elsewhere. The Company will pay for the shortest time needed:
>>> (a) To repair or replace the damaged property; or
>>> (b) For the Named Insured to permanently relocate.
>>> But the Company's payments will end seven days after the Company has offered to make a reasonable cash settlement.
>>> (2)     If damage caused by one of the Perils Insured Against occurs at a neighboring premises and makes the Named Insured's mobile home unfit to live in, the Company will pay any resulting additional living expenses for up to 14 days while the civil authorities prohibit occupancy on the Named Insured's premises.
>>> (3)     Receipted bills must be furnished the Company within 30 days of the termination of the applicable reimbursement period.
>>> Additional living expenses includes expenses incurred by the Named Insured for himself and members of his mobile home household while the mobile home remains uninhabitable.
>>> * * *

3.6     Ocean Harbor is entitled to any credits or set-offs for prior payments by Ocean

Harbor or other third parties.

3.7     To the extent that Plaintiffs' damages are determined to be the result of a failure

by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

3.8     The Policy does not cover damage which is due and confined to defective

manufacture, freezing, wear and tear, or mechanical or electrical breakdown or failure.

3.9     The Policy does not cover loss caused by, resulting from, contributed to or

aggravated by flood water, surface water, waves, tidal water or overflow of a body of water or

spray from any of these whether or not driven by wind.

3.10    The Policy does not cover loss caused by, resulting from, contributed to or aggravated by water or sewage which backs up through sewers or drains or which overflows from a sump.

3.11    The Policy does not cover loss caused by, resulting from, contributed to or aggravated by water below the surface of the ground, including that which exerts pressure on or flows, seeps or leaks through any part of the dwelling or other structure, foundation, sidewalk, driveway or swimming pool.

3.12    Plaintiffs' extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement, if any, to insurance benefits.

3.13    Plaintiffs' extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiffs' underlying insurance claim is necessary to establish any basis for Plaintiffs' extra-contractual claims under the Texas Insurance Code, common law and the Texas Deceptive Trade Practices Act Insurance Code. Because Plaintiffs' allegations are generally based on Defendant's alleged failure to investigate the claim and pay policy benefits, the existence of any applicable exclusions precludes Plaintiffs' extra-contractual claims.

3.14    To the extent Plaintiffs have failed to carry their burden to segregate the damage attributable solely to Hurricane Harvey, those damages are not recoverable.

3.15    To the extent that Plaintiffs maintains an insurable interest in the actual cash value of their claimed loss, their interest is limited legally and contractually to their direct financial loss.

## IV.    REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiffs are requested to disclose the information or material described in Rule 194.

## V.    PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant, Ocean Harbor Casualty Insurance Company, respectfully prays that Plaintiffs take nothing by their suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which Ocean Harbor Casualty Insurance Company may be justly entitled.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
    Sarah R. Smith
    Texas State Bar No. 24056346
    Sarah C. Plaisance
    Texas State Bar No. 24102361
    24 Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: 713.659.6767
    Facsimile: 713.759.6830
    sarah.smith@lewisbrisbois.com
    sarah.plaisance@lewisbrisbois.com

    ATTORNEYS FOR DEFENDANT,
    OCEAN HARBOR CASUALTY INSURANCE
    COMPANY

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 9th day of December, 2019.

Andrew C. Cook     ***Via Eserve***
THE COOK LAW FIRM, PLLC
7324 Southwest Freeway, Suite 585
Houston, TX 77074
acc@texasinsurancelaw.com
Sean H. McCarthy
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Smccarthy@williamskherkher.com
*Attorneys for Plaintiffs*

Thomas L. Cougill
Jeffrey P. Fultz
FULTZ & COUGILL, LLP
10343 Sam Houston Park Drive, Suite 210
tcougill@fulcolaw.com
jfultz@fulcolaw.com
*Attorneys for Defendant, Specialty Insurance
Services Corporation*

        */s/ Sarah R. Smith*
        Sarah R. Smith

Filed
12/9/2019 3:19 PM
Ruby Garcia, District Clerk
Refugio County, Texas
Sylvia Lopez, Deputy

### CAUSE NO:  2019-10-13018

| | | |
|---|---|---|
| ERNEST ZARATE AND | § | IN THE DISTRICT COURT OF |
| SANDRA ARRAMBIDE | § | |
| | § | |
| VS. | § | |
| | § | REFUGIO COUNTY, TEXAS |
| SPECIALTY INSURANCE SERVICES | § | |
| CORPORATION, OCEAN HARBOR | § | |
| CASUALTY  INSURANCE COMPANY, | § | |
| CHRISTY MILAM, AND ROBERT R. | § | |
| GRACIA, JR. | § | 267TH JUDICIAL DISTRICT |

### DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY'S ELECTIONS OF LEGAL RESPONSIBILITY PURSUANT TO SECTION 542A.006 OF THE TEXAS INSURANCE CODE

TO THE  HONORABLE JUDGE OF SAID  COURT:

COMES NOW, Ocean Harbor Casualty Insurance Company ("Ocean Harbor") and files its Elections of Legal Responsibility Pursuant to Section 542A.006 of the Texas Insurance Code ("Election") as follows:

### I.    RELEVANT BACKGROUND

1.  Plaintiffs, Ernest Zarate and Sandra Arrambide ("Plaintiffs") reported a claim to Ocean Harbor for alleged storm damage to their residence, which was assigned claim no. 2017-420001557 (the "Claim"). The Claim was adjusted by one or more individuals at Ocean Harbor's request, including Defendants Specialty Insurance Services Corporation ("SIS"), Christy Milam ("Milam") and Robert R. Gracia, Jr. ("Gracia") (collectively referred to herein as the "Adjusters"). For purposes of this Election, the Adjusters are considered Ocean Harbor's "agents" under Texas  Insurance Code section 542A.001, which defines the term "agent(s)" as an employee, agent, representative, or adjuster who performs any act of Ocean Harbor's behalf.

4832-6393-6942.1

## II.     ELECTION

2.   Under section 542A.006(a) of the Texas Insurance Code, Ocean Harbor hereby elects to accept legal responsibility for whatever liability the Adjusters might have to Plaintiffs for their acts or omissions related to the Claim, and by this pleading Plaintiffs are provided written notice of Ocean Harbor's Election.

## III.     DISMISSAL OF DEFENDANTS SIS, MILAM AND GRACIA WITH PREJUDICE

3. Under section 542A.006(c) of the Texas Insurance Code, and based on Ocean Harbor's Election, this Court "shall dismiss" this action against the Adjusters with prejudice. Ocean Harbor hereby requests the Court enter all such documents necessary to effectuate these dismissals with prejudice and files a proposed order simultaneously herewith.

WHEREFORE, PREMISES CONSIDERED, Defendant, Ocean Harbor Casualty Insurance Company, prays that this Election be filed with the records of this cause and that Defendants Specialty Insurance Services Corporation, Christy Milam and Robert R. Gracia, Jr. be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Ocean Harbor Casualty Insurance Company entitled.

[Signature on next page]

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Sarah C. Plaisance*
**Sarah R. Smith**
Texas State Bar No. 24056346
**Sarah C. Plaisance**
Texas State Bar No. 24102361
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com
ATTORNEYS FOR DEFENDANT,
OCEAN HARBOR CASUALTY INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 9th day of December, 2019.

Andrew C. Cook                                    *Via Eserve*
THE COOK LAW FIRM, PLLC
7324 Southwest Freeway, Suite 585
Houston, TX 77074
acc@texasinsurancelaw.com
Sean H. McCarthy
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Smccarthy@williamskherkher.com
*Attorneys for Plaintiffs*

Thomas L. Cougill
Jeffrey P. Fultz
FULTZ & COUGILL, LLP
10343 Sam Houston Park Drive, Suite 210
Houston, TX 77064
tcougill@fulcolaw.com
jfultz@fulcolaw.com
*Attorneys for Defendant, Specialty Insurance Services Corporation*


                                    */s/ Sarah C. Plaisance*
                                    Sarah C. Plaisance

CAUSE NO:  2019-10-13018

| | | |
|---|---|---|
| **ERNEST ZARATE AND** | § | **IN THE DISTRICT COURT OF** |
| **SANDRA ARRAMBIDE** | § | |
| | § | |
| **VS.** | § | |
| | § | **REFUGIO COUNTY, TEXAS** |
| **SPECIALTY INSURANCE SERVICES** | § | |
| **CORPORATION, OCEAN HARBOR** | § | |
| **CASUALTY  INSURANCE COMPANY,** | § | |
| **CHRISTY MILAM, AND ROBERT R.** | § | |
| **GRACIA, JR.** | § | **267TH JUDICIAL DISTRICT** |

## ORDER OF DISMISSAL OF DEFENDANTS SPECIALTY INSURANCE SERVICES CORPORATION, CHRISTY MILAM, AND ROBERT R. GRACIA, JR.

On this day came before the Court Defendant, Ocean Harbor Casualty Insurance Company's, Elections of Legal Responsibility Pursuant to Section 542A.006 of the Texas Insurance Code. Ocean Harbor Casualty Insurance Company's has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code as to Defendants Specialty Insurance Services Corporation, Christy Milam, and Robert R. Gracia, Jr.

It is therefore **ORDERED, ADJUSTED AND DECREED** that all claims and causes of action brought against Defendant Specialty Insurance Services Corporation in the above referenced cause are hereby **DISMISSED** with prejudice to refiling of the same.  Any and all relief sought against Defendant Specialty Insurance Services Corporation and not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED, ADJUSTED AND DECREED** that all claims and causes of action brought against Defendant Christy Milam in the above referenced cause are hereby **DISMISSED** with prejudice to refiling of the same.  Any and all relief sought against Defendant Christy Milam and not contained herein is hereby **DENIED** with prejudice.

4837-6745-0030.1

It is further **ORDERED, ADJUSTED AND DECREED** that all claims and causes of action brought against Defendant Robert R. Gracia, Jr. in the above referenced cause are hereby **DISMISSED** with prejudice to refiling of the same.  Any and all relief sought against Defendant Robert R. Gracia, Jr. and not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and any related claim or cause of action brought against Defendants Specialty Insurance Services Corporation, Christy Milam, and Robert R. Gracia, Jr. shall be borne by the party incurring same.

SIGNED this_____ day of _____, 2019.


_____
JUDGE PRESIDING

Filed
12/10/2019 4:20 PM
Ruby Garcia, District Clerk
Refugio County, Texas
Sylvia Lopez, Deputy



Sarah R. Smith
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Sarah.Smith@lewisbrisbois.com
Direct: 832.460.4622

Sarah C. Plaisance
Sarah.Plaisance@lewisbrisbois.com
Direct: 346.241.4950

December 10, 2019                                                    File No. 37162.18

Ruby Garcia                                    Via E-Service
Refugio County District Clerk
P. O. Box 736
Refugio, TX 78377

Re:    Cause No. 2019-10-13018; *Ernest Zarate and Sandra Arrambide v. Specialty
       Insurance Services Corporation, Ocean Harbor Casualty Insurance Company,
       Christy Milam, and Robert R. Garcia, Jr.*; In the 267th District Court, Refugio County,
       Texas

Dear Clerk:

       At this time, we are requesting a copy of the Case Summary for the above-referenced
cause.  We are also submitting the fee of $2.00 for the Case Summary.

       Please advise if you need any further information.  Thank you for your assistance in this
regard.

                             Very truly yours,

                             */s/ Sarah. R. Smith*

                             Sarah R. Smith of
                             LEWIS BRISBOIS BISGAARD & SMITH LLP

SRS/dt

ARIZONA  •  CALIFORNIA  •  COLORADO  •  CONNECTICUT  •  FLORIDA  •  GEORGIA  •  ILLINOIS  •  INDIANA  •  KANSAS  •  KENTUCKY

LOUISIANA  •  MARYLAND  •  MASSACHUSETTS  •  MINNESOTA  •  MISSOURI  •  NEVADA  •  NEW JERSEY  •  NEW MEXICO  •  NEW YORK

NORTH CAROLINA  •  OHIO  •  OREGON  •  PENNSYLVANIA  •  RHODE ISLAND  •  TEXAS  •  UTAH  •  VIRGINIA  •  WASHINGTON  •  WEST VIRGINIA

4819-4484-9326.1